ELIZABETH LEE *vs.* WORTHEN T. JAMES & others.

Norfolk.    November 18, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bond to dissolve Attachment — Late Entry of Action — Discharge of Surety.*

An action was begun in a municipal court, the rules of which provided for late
entries upon motion and order, and a bond with surety was then given by the
defendant to dissolve an attachment therein, conditioned for the payment of
any judgment against him which he should fail to pay. Subsequently the
action was entered late, with the defendant's consent, and proceeded without
objection to a judgment against him which remained unpaid. *Held*, that the
judgment was valid, and that the late entry did not operate to discharge the
surety.

CONTRACT against the defendant James as principal and the
other defendants as sureties on a bond given by them to dissolve
an attachment in an action brought by the plaintiff against James

and another, and conditioned for the payment of any judgment against them which James should fail to pay. Trial in the Superior Court, before *Bishop*, J., who reported the case for the determination of this court, as follows.

The original action was brought in the Municipal Court of the city of Boston, the writ being made returnable on March 27, 1886, the first day of the term. The writ was not entered on that day, but was, with the consent of the defendant's attorney, entered on March 31, 1886, during the same term. The rule of that court as to late entries provided that no action should be entered after the first day of the term, " except upon motion and order upon notice given to each of the other parties " on or before a day named. There was no evidence that the attorney of the defendants had any authority to consent to the late entry on behalf of the sureties, or that he was employed by them as their attorney. The defendants duly entered their appearance in that court, and the action thereupon proceeded to a judgment against them, which was affirmed on appeal in the Superior Court, and remained unpaid. The sureties contended that the failure of the plaintiff in the original action to enter his writ on the return day operated to discharge the bond, and that the action could not be maintained against them. The judge ruled that the action could be maintained, and directed a verdict for the plaintiff against all the defendants.

If the ruling was right, judgment was to be entered on the verdict; otherwise, a new trial was to be ordered.

*J. E. Cotter & C. F. Jenney*, for the plaintiff.

*H. E. Fales & M. P. Beckett*, for the defendants.

C. ALLEN, J. The rule of the Municipal Court contemplates a late entry, upon motion and order. The consent of the defendants to a late entry dispensed with the necessity of such motion and order. It was within the power of that court to permit the entry to be made, and to proceed with the case; no objection was made, and the judgment was properly rendered, and was valid and binding upon the defendant in the case. That defendant having failed to pay the judgment, the sureties are bound by the express terms of their bond. *Cutter* v. *Evans*, 115 Mass. 27. *Tapley* v. *Goodsell*, 122 Mass. 176, 182.

*Judgment on the verdict.*