HENRY W. DUDLEY *vs.* BENJAMIN. W. KEITH & another.

Plymouth. October 22, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Writ — Extension of Return Day.*

The time for the entry of a writ made returnable on the first Monday of a month, under the St. of 1885, c. 384, § 1, cannot be extended by the court beyond the next succeeding regular return day.

MOTION, filed January 21, 1890, for leave to enter a writ dated September 10, 1889, and returnable to the Superior Court at Plymouth on the first Monday of November, 1889. *Lathrop,* J., denied the motion, and ruled, as matter of law, that the court had no power to allow the writ to be entered, and reported the case for the determination of this court.

*J. F. Simmons & H. D. Pratt,* for the plaintiff.

*G. W. Kelley,* for the defendants.

FIELD, C. J. In the Colonial Laws it appears that the General Court in 1665 ordered " That henceforth no action shall be entered after the first day of the court is ended. And in case any plaintiff shall delay his entry longer than the first forenoon of the court's sitting, every such person or persons shall pay double entry money." Anc. Chart. 45. Colonial Laws of 1672, (Whitmore's ed.) 2. By the Province Laws it was provided that " No action be entered after the first day of the court's sitting." Prov. St. 1727–28, c. 10, § 2, 2 Prov. Laws, (State ed.) 464. Prov. St. 1732–33, c. 6, § 2, 2 Prov. Laws, (State ed.) 656. Prov. St. 1738–39, c. 4, § 2, 2 Prov. Laws, (State ed.) 939. Prov. St. 1742–43, c. 13, § 2, 3 Prov. Laws, (State ed.) 29. Anc. Chart. 539. This last was a perpetual statute, and was, perhaps, confined to the Court of Common Pleas and the Court of General Sessions of the Peace. These courts, as well as the Superior Court of Judicature, were empowered to make rules of procedure not repugnant to the laws of the Province. Prov. St. 1701–2, c. 5, § 3, 1 Prov. Laws, (State ed.) 464.

By the St. of 1782, c. 9, establishing a Supreme Judicial Court within the Commonwealth, no express provision was made con-

cerning the entry of actions, but the court, by § 4, was empowered to make rules and regulations "respecting modes of trial, and the conduct of business, as the discretion of the same court shall dictate. Provided always, that such rules and regulations be not repugnant to the laws of the Commonwealth." See St. 1780, c. 17. By the St. of 1782, c. 11, establishing courts of common pleas within the Commonwealth, it was provided, by § 6, "that no action shall be entered at any court of common pleas after the first day of the sitting thereof, . . . provided, nevertheless, that where, by any inevitable misfortune or accident, the plaintiff shall be prevented from entering his action upon the first day of the court's sitting, he may, upon making the same appear to the court, enter his action at any time before judgment is given for cost to the defendant." The St. of 1811, c. 33, established circuit courts of common pleas, and the St. of 1820, c. 79, established the Court of Common Pleas for the Commonwealth, and in this act it was provided, by § 7, that "said Court of Common Pleas shall have power, from time to time, to make and establish all such rules for the entry of actions, filing pleas in abatement, and demurrers to declarations, and for the orderly and well conducting the business thereof, as may be thought proper; provided, the same are not repugnant to the laws of the Commonwealth." Since the passage of the St. of 1820, c. 79, the Court of Common Pleas and the Superior Court appear to have had authority to make rules concerning the entry of actions in the same manner as the Supreme Judicial Court, if the rules do not conflict with the laws of the Commonwealth or the rules of the Supreme Judicial Court. Rev. Sts. c. 81, § 10; c. 82, § 37. Gen. Sts. c. 115, § 4. Pub. Sts. c. 153, § 4. Howe's Practice, 196 *et seq.* *Thompson* v. *Hatch*, 3 Pick. 512.

Under the St. of 1851, c. 233, § 13, it was held that an action must be entered, if at all, on the return day of the writ, or "the next day thereafter." *Hilliard* v. *Sawtelle*, 12 Cush. 222. *Kidder* v. *Browne*, 9 Cush. 400. The language of the statute is, that, "on the return of a writ, if a declaration shall have been inserted therein, or filed pursuant to the eighth section, the action shall be entered on the docket by the clerk upon motion of the plaintiff, or his attorney, made on the return day or the next day thereafter, and upon the payment of the fees of the clerk

therefor." In the opinion in *Kidder* v. *Browne*, Shaw, C. J. says : " Under the law as it formerly stood, the whole term being in contemplation of law but one day, the court could allow an action to be entered on any day of the term. Then, when the court had jurisdiction of the subject matter, and of the persons of the parties, almost anything could be done by consent. But even under the law as formerly, the action could not be entered on motion, after the close of the return term , in cases where it was allowed on petition, it was by authority given by statute. But, as the law now stands, the writ is not returnable at any term, but on a fixed day, and that day and the succeeding one are alone allowed to enter the action." This statute was repealed by the St. of 1852, c. 312, § 86, and since its repeal there is no statute that we are aware of which expressly determines when an action at law shall be entered, either in the Superior Court or in the Supreme Judicial Court.

The existing rule of the Supreme Judicial Court, as amended on January 12, 1886, is as follows : " No civil action shall be entered after the return day, unless by consent of the adverse party and by leave of the court, or unless the court shall allow the same for sufficient cause." Common Law Rules, Rule I., 136 Mass. 590, and 140 Mass. 610. See 3 Dane Abr. c. 75, § 11, and manuscript rule of 1779 ; *Regulæ Generales*, 16 Mass. 370, *Regula* I. ; Common Law Rules, Rule I., 24 Pick. 383, 14 Gray, 338, and 104 Mass. 556. The Court of Common Pleas and the Superior Court have at times had a somewhat similar rule, and, as a matter of practice, actions have in modern times been entered late, during the return term, in these courts, and in the Supreme Judicial Court, except while the St. of 1851, c. 233, was in force.

The Public Statutes provide the time when a writ shall be returnable, not when it shall be entered. Pub. Sts. c. 161, § 23. A suit is brought when a writ is filled out and has been put into the hands of an officer for service, and for certain purposes the courts have jurisdiction over a suit before the action has been entered. See Pub. Sts. c. 161, § 121 ; *Harding* v. *Downs*, 110 Mass. 56. If the service of process is insufficient, the court can issue further processes, to be " served in such manner as may be therein directed." Pub. Sts. c. 161, § 84. But a failure to enter a writ is a discontinuance or abandonment of the action ; *Cardi-*

*val* v. *Smith*, 109 Mass. 158 ;. and if the plaintiff does not enter his action, the defendant can file his complaint, and recover costs, but this, it is held, must be done at. the return term. *Lombard* v. *Oliver*, 5 Gray, 8.

It appears from this examination that the Legislature many years ago abandoned the policy of absolutely requiring actions at law in the Supreme Judicial Court, Court of Common Pleas, or Superior Court to be entered on the return day, and left the subject to be regulated by the rules and practice of the courts ; and that, except while the St. of 1851, c. 233, was in force, the practice for a long time was, on sufficient cause shown, to permit late entries at any time during the return term, but not afterwards.

The St. of 1885, c. 384, changed the return days of writs, but it contains no express provision concerning the entry of actions. It abolished terms, but provided that the courts should always be open. It was undoubtedly the intention of this statute, by abolishing terms, that the courts should not be confined to the powers which courts of common law exercise in vacation, but should in general have at all times the power of such courts during term. This is shown especially by §§ 2, 3, 6, 10, 11, 13, and 14 of that statute. There is nothing in the statute which indicates any intention of giving the courts any new power over the entry of actions, or of depriving the courts of the power which they had of permitting an action to be entered late, although the statute is express upon the subject of entering appeals, without, however, repealing the provisions of the Public Statutes whereby appeals may be entered late on petition. That some power should exist for permitting actions to be entered late is reasonably necessary for the administration of justice, but the power should have some limits, and the time given by the statute for entering an appearance, or a default, or a judgment on default, shows that the time for entering an action late ought not to be indefinitely extended. For the purpose of returning writs and processes, the first Monday of every month has, under this statute, become like the first day of the term under previous statutes. As under the old practice the writ could be entered at the return term, and not afterwards, and as a complaint by the defendant to recover costs for a non-

entry must be made at the return term, it is reasonable now to hold that the time for the entry of a writ made returnable on the first Monday of a month cannot be extended by the court beyond the next succeeding regular return day.

In the present case the return day of the writ was the first Monday of November, 1889. The motion to enter the action late was filed January 21, 1890. We think that the presiding justice rightly ruled, as matter of law, that the court, when the motion was filed, had no power to allow the writ to be entered.

*Order denying the motion affirmed.*