SARKIS GORGORIAN & others *vs.* STEPHEN P. PROOD.

Worcester.   September 29, 30, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Poor Debtor — Recognizance — Affidavit — Late Entry of Writ —*
*Discharge of Surety.*

It is no objection to an affidavit for the arrest of a debtor on mesne process, which
affidavit purports to be made in behalf of the plaintiffs in the action, that the
person making it was one of the plaintiffs.

The surety on a poor debtor's recognizance is not discharged by the fact that the
writ in the original action was not entered on the return day, if it was subse-
quently entered under the rules of the court.

CONTRACT, upon a poor debtor's recognizance, entered into by
George Aredisian as principal and by the defendant as surety,
and containing the usual conditions. Trial in the Superior
Court, without a jury, before *Gaskill*, J., who found and
ordered judgment for the plaintiffs; and the defendant alleged
exceptions. The facts appear in the opinion.

*M. M. Taylor*, for the defendant.

*E. J. Melanefy*, for the plaintiffs.

KNOWLTON, J.   One George Aredisian was arrested on mesne
process on a writ in favor of the plaintiffs, and he entered into a
recognizance with the defendant as surety, with the condition to
deliver himself up before a court or magistrate for examination,
upon his application to take the oath for the relief of poor
debtors. He failed so to deliver himself, and the defendant in
this action upon the recognizance seeks to avoid liability on two
grounds: first, that the arrest was illegal and the recognizance
void because the affidavit is not in proper form; and, secondly,
that he is discharged from liability by the plaintiffs' failure to
enter the original writ on the return day.

1. The alleged defect in the affidavit is that it purports to be
made in behalf of the plaintiffs, when the person making it was
himself one of the plaintiffs. This objection is without substan-
tial foundation. The law provides that the affidavit shall be
made by the " plaintiff or some person in his behalf," (Pub.

Sts. c. 162, § 1,). and it contemplates that one of two or more joint plaintiffs, as well as any other person, may make the affidavit in behalf of his co-plaintiffs, and that he may at the same time make it in his own behalf.

2. So far as appears, the order allowing the entry of the writ two days after the return day was made in accordance with law and the rules of the court, and it is not contended that the judgment subsequently rendered in the case is invalid. See *Dudley* v. *Keith*, 153 Mass. 104. There is no suggestion that the conduct of the present defendant, or that of the defendant in the original suit, was in any way affected by the failure of the plaintiffs to enter the writ on the return day, and it may be inferred that such reasons for the plaintiffs' delay appeared at the hearing as made it the duty of the judge to allow the late entry. The defendant's contention is, in effect, that if, through unavoidable accident, the plaintiffs fail to return the writ on the return day the sureties on a recognizance of this kind are discharged. We are of opinion that this contention is not well founded. The plaintiffs have done nothing that should deprive them of their rights, the contract contained in the recognizance is broken, and the claim for whose security the recognizance was taken is made the foundation of a judgment under the rules of the court. If the defendant had desired to surrender his principal into court, and had been put to inconvenience or loss on account of the absence of the writ from the files of the court, that fact would doubtless have been considered by the court in determining whether permission should afterwards be given to enter the writ, and perhaps, in a conceivable case, it might be availed of by the surety in a suit against him on the recognizance. But there is no such fact in this case. We see no reason why the sureties upon a recognizance of this kind, or upon a bail bond given to an officer, should be discharged by the mere fact that the writ was not entered on the return day, if it was subsequently entered under the rules of the court. That such a late entry does not discharge the sureties upon a bond to dissolve an attachment has been expressly adjudged. *Tapley* v. *Goodsell*, 122 Mass. 176. *Lee* v. *James*, 150 Mass. 475.

*Exceptions overruled.*