UNITED STATES, to Use of BRADY et al., v. O'BRIEN et al.

(Circuit Court, D. Massachusetts. January 29, 1903.)

No. 1,264.

1. SUMMONS—TIME OF ENTRY—POWER TO EXTEND BEYOND TERM.
   The general law and practice in Massachusetts prior to the enactment of Rev. Laws Mass. c. 173, § 11, did not so definitely limit the authority of the court and parties as to forbid an extension of the time for entry of a writ beyond the term at which it was returnable, where the extension was made by agreement of the parties, and with the consent of the court.

2. JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT.
   A suit on the bond of a contractor for public work, brought in the name of the United States for the use and benefit of others, as provided by Act Aug. 13, 1894 (28 Stat. 278 [U. S. Comp. St. 1901, p. 2523]), even conceding it to be a suit by the United States for the purpose of conferring jurisdiction on a federal court under the judiciary act of 1887–

88 [U. S. Comp. St. 1901, p. 507], regardless of the citizenship of the parties, cannot be maintained in such court on that ground in any district other than the one of which the defendant is an inhabitant.

At Law.   On motion to dismiss for want of jurisdiction.

Butler, Cox & Murchie, for plaintiffs.
Carver & Blodgett, for defendants.

LOWELL, District Judge.   This was a suit brought against O'Brien and another, government contractors, and against the surety on their bond, the City Trust Company, a Pennsylvania corporation, by a voluntary association composed of citizens of Massachusetts, Pennsylvania, and other states.   The suit was brought under chapter 280 of the Acts of 1894 (28 Stat. 278 [U. S. Comp. St. 1901, p. 2523]). The writ was returnable October 15, 1900.   As negotiations were pending between the plaintiffs and the individual defendants, counsel for the trust company at some time before the return day indorsed upon the writ, "The within writ may be entered late."   These negotiations continued throughout the following term.   Some payments were made on account, and about May 1, 1901, there was conversation between counsel for the plaintiff and counsel for the trust company, in which the former stated that he was trying to effect a settlement, and that, if he did not succeed, he must enter the writ. To this statement the counsel for the trust company made no objection.   Counsel on both sides acted in entire good faith.   On the one hand, counsel for the trust company supposed that his agreement for a late entry was limited to the term which ended May 14, 1901.   On the other hand, counsel for the plaintiff supposed that the authority to enter the writ did not expire with the term.   Standing by itself, the indorsement takes more naturally the former construction; but, after hearing evidence, I find that, through an honest misunderstanding, counsel for the plaintiffs was led to believe by counsel for the defendant that the latter construction was the true one, and delayed entry in consequence.   If a binding agreement that an entry may be made after the expiration of the term is a possibility, such an agreement was here entered into.   Defendant's counsel contends that no effective agreement of this kind can be made, and that neither by agreement, nor by order of court, nor by both together, can the time for entering a writ be extended beyond the term in which it is returnable.   Rev. St. § 915 [U. S. Comp. St. 1901, p. 684], provides that the federal courts, in respect of practice, pleadings, and forms and modes of proceedings in civil causes, shall conform to the practice, etc., existing at the time in like cases in the state courts.   At the time the indorsement was made upon this writ, Rev. Laws Mass. c. 173, § 11, was not in force.   This section apparently embodies the interpretation put upon the general law and previous statutes by Dudley v. Keith, 153 Mass. 104, 26 N. E. 442.   That case decided that it was beyond the power of the court, against defendant's objection, to extend the time of entry further than the last day of the term.   Whether this could or could not be

done by agreement of parties was not decided, and the only provision then existing which can be supposed to affect an entry by agreement is Pub. St. c. 167, § 64. Upon the whole, I am inclined to think that the general law and course of proceeding in Massachusetts, which were discussed by Chief Justice Field in Dudley v. Keith, do not so definitely limit the authority of the parties and the court combined to extend the time of entry as to forbid the entry of the writ in this case after the term had expired.

The defendant has further filed a motion to dismiss for want of jurisdiction. Plaintiffs concede that there is no jurisdiction here upon the ground of diversity of citizenship, and rest their contention wholly upon the jurisdiction of this court over suits at law brought by the United States. In U. S. v. Henderlong, 102 Fed. 2, the circuit court in Indiana decided that a suit under the act of 1894 was not a suit brought by the United States. In American Surety Co. v. Lawrenceville Cement Co., 96 Fed. 25, the question was stated, but not answered, by the circuit court in Maine. The practice in this district and in Maine appears to be opposed to the decision in U. S. v. Henderlong. Even if it be true, however, that this is a suit brought by the United States, within the meaning of the judiciary act of 1887 [U. S. Comp. St. 1901, p. 507], yet it cannot be maintained in this district, because the defendant is not an inhabitant thereof. In Donnelly v. Cordage Co., 66 Fed. 613, and in Manufacturing Co. v. Watson, 74 Fed. 418, it was decided by the circuit court for this district that, under the act of 1887, not even a patent suit could be brought, except in a district of which the defendant is an inhabitant. And in those courts which hold that, under the act of 1887, a suit for infringement of a patent can be maintained in any district where the defendant is found, it has been admitted that the proviso of the first section of the act of 1887 applies to suits brought by the United States. Southern Pac. Co. v. Earl, 27 C. C. A. 185, 82 Fed. 690, 694. See U. S. v. Sayward, 160 U. S. 493, 16 Sup. Ct. 371, 40 L. Ed. 508.

Action to be dismissed for want of jurisdiction.