ARTHUR J. LEMIEUX *vs.* ARBA N. LINCOLN & another.

Bristol.    October 26, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Attachment. Practice, Civil,* Late entry of writ.

Where, after the failure of a plaintiff to enter his action in the Superior Court upon the return day of the writ, the court under R. L. c. 173, § 11, permits him to enter it late but before the next regular return day, an attachment of real estate made in due course by virtue of the writ remains in force.

Under a writ returnable to the Superior Court on October 2 of a certain year, an attachment of real estate of the defendant was made on September 1. On September 2 the defendant mortgaged the real estate and the mortgage was recorded on October 4. The plaintiff failed to enter his action on October 2, but by leave of court, granted in accordance with R. L. c. 173, § 11, entered it on October 4 after the mortgage had been recorded. The mortgage was foreclosed by sale. The plaintiff recovered judgment against the defendant, execution issued, and there was a sale under the execution. The purchaser at the foreclosure sale brought a bill in equity against the purchaser at the execution sale, seeking to enjoin him from interfering with the land. *Held,* that the bill must be dismissed, since entry of the action late by leave of court caused the attachment to remain in force, and the title of the purchaser at the execution sale therefore was paramount.

BILL IN EQUITY, filed in the Superior Court on March 1, 1909, by the purchaser of certain land at a sale in foreclosure of a mortgage, seeking to enjoin the defendants, who claimed the land as purchasers at a sale on execution, from interfering with the plaintiff's rights as owner of the land.

The case was heard by *Crosby,* J., upon an agreed statement of facts. A memorandum was filed ordering a decree for the plaintiff; and the defendants appealed.

The facts are stated in the opinion.

The case was submitted on briefs.

*A. N. Lincoln & A. H. Hood*, for the defendants.

*F. A. Pease*, for the plaintiff.

MORTON, J. The defendants brought an action against one Roy and caused his real estate to be attached on a writ dated September 1, 1905, and returnable to the Superior Court on Monday, October 2. The writ was not entered on the return day but was entered by leave of court two days later, October 4. On November 4, 1907, the defendants obtained judgment against Roy, and on December 10 all the right, title and interest which Roy had in the premises at the date of the attachment was sold on execution to the defendants and a deed of the same, which they afterwards caused to be duly recorded, was executed and delivered to them by the sheriff. On September 2, 1905, the day after the attachment by the defendants, Roy executed and delivered a mortgage of the premises. This mortgage was recorded on October 4, 1905, and afterwards was foreclosed. If material, it fairly may be inferred, we think, from the facts agreed to, that the mortgage was recorded before the action was entered. The plaintiff claims under the purchaser at the foreclosure sale, and the question is whether as against an intervening incumbrance the failure to enter the action on the return day and its entry two days later operated as a dissolution of the attachment or a discontinuance of the action so that the plaintiff's title is paramount to that of the defendants.

The entry of writs is regulated by statute and by the rules and practice of the courts. *Dudley* v. *Keith*, 153 Mass. 104. The statute in regard to the matter is as follows: " If the plaintiff fails to enter his writ, or if he fails either to insert a declaration in the writ or to file it in the clerk's office on or before the return day of the writ, or if he fails to furnish to the defendant a copy thereof pursuant to the provisions of the preceding section, the action may at any time, upon motion of the defendant, be dismissed with costs ; but courts, excluding trial justices, may upon terms allow the plaintiff, at any time before the next regular return day, to enter his writ and to file his declaration." R. L. c. 173, § 11.

The almost necessary implication of these provisions would seem to be that a late entry is to be as effectual to all intents and purposes as an entry on the return day; and this seems

to be the fair inference from what is said in *Dudley* v. *Keith,*
*ubi supra,* and from the history of legislation and practice in
regard to the matter as there traced, though the question in
that case was whether the time of entry could be extended be-
yond the next regular return day, and there was no occasion to
consider the effect of a late entry upon any attachment or other
security which the plaintiff might have. There is no provision
for further or additional service or notice, though the court no
doubt may order it, and it would seem to have been intended
that the action when entered should carry with it all the rights
and incidents which would have belonged to it if it had been
entered when it should have been. The entry is regarded as an
act in the continuance of an action already begun, and not as
the revival of an action which has been discontinued by reason
of the failure to enter it at the proper time. The power which
is given to the court to dismiss the action upon motion by the
defendant, when taken in connection with the further provision
that the court may allow the writ to be entered at any time
before the next return day, shows that during that time the
action is to be treated as in a sense still pending, and that the
court has jurisdiction over it which it would not have if the fail-
ure to enter it on the return day operated as a discontinuance
of it.

So far as the defendant is concerned no injustice is done him
by holding that the attachment continues in the case of a late
entry. The late entry gives the plaintiff no more than he would
have had and puts him in no better position than he would have
occupied if the action had been entered on the return day.
Moreover, the court has power to impose such terms as it may
deem reasonable as a condition of allowing the entry. So far
as third parties claiming under the defendant are concerned, if
they have taken title without any knowledge of the bringing
of the action, they can have no just ground of complaint if the
plaintiff is allowed to enter the action late and to have the bene-
fit of his attachment, since they cannot have done or omitted
to do anything in reliance upon the fact that the action was not
entered on the return day. If they did know that the action
had not been entered and acted upon such knowledge, then
they must be presumed to have known that the action, with

all the rights and incidents belonging to it, could be entered by leave of court at any time before the next return day, and that whatever they did would be subject to that contingency. The plaintiff and those claiming through or under him can have no just ground of complaint therefore, if it is held that all the rights and incidents which would have attached to the action if it had been entered on the return day attach to it when entered late. On the other hand justice to the plaintiff would seem to require (as was intimated in *Dudley* v. *Keith, supra*) that the court should be able, upon such terms as it may deem proper, to relieve him from the consequences of any accident or mistake which may have caused the failure to enter the action on the return day. It was no doubt considerations like these which led to the enactment of the statute in its present form. The views expressed above are supported by similar considerations arising out of the provisions in regard to the filing of a declaration and bill of particulars when they have not been inserted in the writ, or filed on the return day, or furnished to the defendant or his attorney on demand. See also *Horton* v. *Munroe*, 98 Mich. 195. In cases arising out of the failure to enter an appeal or bill of exceptions the statute expressly provides that the entry, if subsequently allowed, shall not revive or continue in force any security whether by bond, attachment or otherwise which may have been discharged. R. L. c. 156, § 14; c. 157, § 23.

In the cases of *Wilder* v. *Holden*, 24 Pick. 8, 12, and *Thomas* v. *Blake*, 126 Mass. 320, relied on by the plaintiff, there was no entry whatever of the action. The failure to enter the action plainly operated as a discontinuance of it (*Cardival* v. *Smith*, 109 Mass. 158) and what was said by the court was addressed to that state of facts. In *Varian* v. *New England Mutual Accident Association*, 156 Mass. 1, the statement that "A failure to enter a writ on the return day is a discontinuance of the action" was not intended to lay down an absolute rule of law, but to show, when taken in connection with the facts of that case and with what follows, that by reason of the failure to enter the writ on the return day and the certificate of the clerk to that effect and the absence of a motion for leave to enter, the payment by the trustee in good faith to the defendant was analogous to the

cases provided for in Pub. Sts. c. 183, § 28, now R. L. c. 189, § 26.

The result is that a decree should be entered for the defendants.

*So ordered.*