THOMAS F. HENRY *vs.* JOHN J. SWEENEY, executor.

JEREMIAH F. DALEY *vs.* SAME.

Essex.    November 6, 1913.— November 1*7*, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Jurisdiction of person, Motion to dismiss. *Pleading, Civil,* Answer to merits. *Waiver.*

The objection of a want of jurisdiction of the person of the defendant in an action at law cannot be raised by a motion to dismiss after the defendant has submitted himself to the jurisdiction of the court by filing a general answer to the merits.

BY THE COURT. Plainly no error is disclosed on this record. The defendant's contention is that since the actions are against an executor who did not reside in the county wherein was the district court out of which the writs issued, that court had no jurisdiction. He did not file seasonably a proper pleading setting out this objection. He waived it by general answers to the merits in each case more than a year before he filed a motion to dismiss for lack of jurisdiction. The district court had jurisdiction of the subject matter of the actions. It acquired jurisdiction of the person of the defendant through his answer to the merits of the actions. *Brown* v. *Webber,* 6 Cush. 560, 564, and cases there reviewed. *Bishop* v. *Donnell,* 171 Mass. 563, 566. *McManus* v. *Thing,* 208 Mass. 55, 58.

> *Order overruling defendant's motion to dismiss affirmed with costs.*

*D. B. Beard,* for the defendant.

*T. A. Henry,* for the plaintiffs.