JOHN J. RILEY *vs.* VICTOR BRUSENDORFF & another.

Suffolk. January 17, 1917. — March 5, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* General appearance, Exceptions, Rulings and instructions. *Rules of Court.*

A motion to dismiss an action on the ground that the writ was entered too late, made upon a special appearance for the defendant, is waived by the filing of a general appearance for the defendant by an authorized attorney.

Under Rule 46 of the Superior Court, where a judge who has heard a case without a jury and who was asked by the defendant to rule that upon all the evidence the finding should be for the defendant, files a finding for the plaintiff in the absence of counsel, and nineteen days thereafter the defendant files a bill of exceptions stating an alleged exception to the ruling and finding of the judge that has not been taken previously, this is not the taking of an exception.

The allowance by a judge who has presided at a trial of a document purporting to be a bill of exceptions cannot give life to an exception that was not taken.

Where at the trial of an action of contract, upon the general issue whether the contract was made and performed as alleged, there is direct and categorical testimony in support of the plaintiff's allegations, a judge before whom the case is tried without a jury must refuse to rule as matter of law that the finding should

be for the defendant, because it is purely a question of fact whether the testimony of the plaintiff's witnesses, which, if believed, requires a finding for him, is trustworthy.

CONTRACT to recover a commission as a broker for the sale of the fixtures, stock in trade, license and good will of the defendants' liquor business, which had been carried on at 18 Eliot Street in Boston. Writ dated November 21, 1913.

The plaintiff did not enter the writ on the return day, which was the first Monday of January, 1914, as he should have done. On February 5, 1914, a judge of the Superior Court made an order allowing the late entry of the action. On February 12, 1914, the defendants, appearing specially by their attorney, filed a motion to dismiss the action.

On February 18, 1916, J. M. Browne, Esquire, presented for filing to one of the clerks of the Superior Court a special appearance for the defendants. The clerk said that he could not accept a special appearance from him, and Mr. Browne thereupon authorized the clerk to strike out the word "special" and file the appearance as a general one, which the clerk thereupon did. Mr. Browne appeared in the case solely for the purpose of trying the case on its merits because one of the counsel for the defendants, who up to that time had appeared specially, intended to testify at the trial and in fact did so testify.

There was a hearing on the motion to dismiss before *Morton,* J., who on March 14, 1916, in the absence of counsel made an order denying the motion. On March 20, 1916, the defendants filed an exception in writing to the order. The plaintiff contended that this exception was not taken seasonably under Rule 46.

On March 22, 1916, the defendants filed the following answer signed by their attorney: "Now come the defendants without waiving any rights under their motion to dismiss said action and now on file in said court and without waiving any rights under their exceptions filed in said cause, and deny each and every allegation in the plaintiff's amended declaration [and in each count thereof]."·

The case was heard on the merits by *Aiken,* C. J., without a jury. The character of the evidence is described briefly in the opinion. The defendants asked the Chief Justice to rule that upon all the evidence the finding should be for the defendants. The Chief Justice found for the plaintiff in the sum of $1,717.50.

This finding was made on April 21, 1916. To the "refusal and finding" the defendants excepted "by filing" a bill of exceptions on May 10, 1916.

Rule 46 of the Superior Court, mentioned in the opinion, is as follows: "No exception shall be allowed to any order, ruling or decision made in the presence of counsel, unless it be saved at the time such order, ruling or decision is given. Exceptions to an order, ruling or decision made in the absence of counsel shall be saved by filing in the clerk's office within three days after the receipt of notice from the clerk of such order, ruling or decision, a written statement that the party excepts thereto. All exceptions to a charge to the jury shall be claimed and saved before the jury are sent out. When further instructions are given in the absence of counsel or any ruling made after the jury have retired, a party may except thereto at any time within twenty-four hours next following."

*J. M. Browne,* (*J. T. Maguire* with him,) for the defendants.

*M. L. Marcus,* for the plaintiff.

RUGG, C. J. It is not necessary to decide whether there was an exception saved to the denial of the motion to dismiss. That motion related solely to a late entry of the writ. Before that motion was heard a general appearance had been entered for the defendants by a member of the bar. That cured whatever defect there was, if any, in the entry. A general appearance waives formal defects as to the getting of the defendant before the court. *Henry* v. *Sweeney,* 216 Mass. 112, and cases there collected. *Hazard* v. *Wason,* 152 Mass. 268, 270. *Hyde Park* v. *Wiggin,* 157 Mass. 94, 97. The authority of the attorney in this respect was not disputed and is not now open to question. *Norwood* v. *Dodge,* 215 Mass. 351.

The case was tried by a judge without a jury. The bill of exceptions states that "The defendants asked the court to rule that upon all the evidence the finding should be for the defendants. The court, on April 21, 1916, found for the plaintiff; to which refusal and finding the defendants except by filing this bill May 10, 1916." On this record it does not appear that any exception was saved to this refusal to rule. There is a plain distinction between taking an exception and filing a bill of exceptions. The exception must be saved according to common practice in a case tried before a judge and decided in the absence of counsel, within

a reasonable time after the ruling is made. Now under Rule 46 of the Superior Court, which was in effect when this trial took place, having been established as of the first Monday of January, 1916, a written statement of exceptions must be filed in the clerk's office within three days after receipt of notice from the clerk of the order, ruling or decision to which exception is taken. The filing of the bill, if no exception had been taken before and that was the only taking of the exception, was not a taking of the exception within a reasonable time or within three days after notice of the ruling even though the bill of exceptions was filed within the legal time, provided an exception had been taken seasonably. *Graves* v. *Hicks,* 194 Mass. 524. *Hurley* v. *Boston Elevated Railway,* 213 Mass. 192. The bill of exceptions has been allowed unqualifiedly by the presiding judge including the refusal to give the ruling. The allowance of a paper in the form of exceptions cannot give life to an exception which has not been taken. *Herrick* v. *Waitt,* 224 Mass. 415, 417. It would seem that upon the face of the bill of exceptions it ought to have been disallowed so far as relates to this exception because no exception was taken within the time allowed by the law. It has been a common practice for the presiding judge, in cases of doubt whether a bill of exceptions ought to be allowed, to set forth the facts in a certificate and then allow the exceptions subject to the opinion of this court upon the question of law thus presented, or, as is sometimes said, so far as upon the facts he has power to allow them as matter of law. *Cooney* v. *Burt,* 123 Mass. 579. *Hector* v. *Boston Electric Light Co.* 161 Mass. 558. *Richards* v. *Appley,* 187 Mass. 521, 522. *Davis* v. *Cress,* 214 Mass. 379, 382. *Thurston* v. *Blunt,* 216 Mass. 264. *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136. *Matter of Carver,* 224 Mass. 169, 171.

But, if it could be assumed in favor of the defendants that an exception was taken within a reasonable time to the refusal to rule as requested, it is plain that there was no error in law in denying the request. The question at issue was whether there was a contract to pay the plaintiff a commission as broker on a sale. There was direct and categorical testimony in support of the plaintiff's contention. Whether it was trustworthy or not was a pure question of fact.

*Exceptions overruled.*