## UNITED STATES v. FREDERICK E. ATTEAUX CO., Inc.

## SAME v. ATTEAUX.

(District Court, D. Massachusetts. September 26, 1921.)

### No. 1708.

Process ⟲131—Court without power to permit entry of writ after close of term at which returnable.

A federal court *held* without power to permit entry of the writ in an action at law, which was returnable to a term four years past, but which was not entered on return day because of a stipulation of counsel that it might be entered late.

At Law. Actions by the United States against the Frederick E. Atteaux Company, Inc., and against Frederick E. Atteaux. On motions by the United States for leave to enter writs late. Denied.

The United States Attorney.
Francis M. Carroll, of Boston, Mass., for defendants.

MORTON, District Judge. This is a motion for leave to enter at the next term of this court two writs, each dated November 7, 1917, served personally on November 19, 1917 (the defendants' real estate being also attached), and returnable to this court at the December term, 1917. In both writs the United States of America is plaintiff; in one of them F. E. Atteaux Company, Inc., a corporation, is defendant; in the other, Frederick E. Atteaux personally. Both defendants object to the allowance of the motion. The facts are not in dispute and are as follows:

At the time when the writs were brought the defendant Atteaux was under indictment in this court in respect of the same transactions which, in part at least, form the basis of these actions. In this situation it was agreed between the defendants' counsel and the United States attorney that the writs should not be entered on the return day. Beyond this the terms of the agreement are not in evidence. The following indorsement appears on each writ:

"November 30, 1917. It is hereby agreed on behalf of the defendant that the within writ may be entered late."

---

These agreements were signed, "Francis M. Carroll, Attorney for Frederick E. Atteaux," and "Francis M. Carroll, Attorney for F. E. Atteaux & Co., Inc." What further negotiations, if any, took place between the parties is not in evidence. On February 28, 1921, the indictment against Atteaux was disposed of by the entry of nolle prosequi; and on September 16, 1921, this motion was filed. There is no evidence that the defendants have changed their positions or are worse off in defending the cases by reason of the delay, beyond such difficulties as would presumably arise from the lapse of four years in defending a claim of which seasonable notice had been given. The claim which the government desires to present is, if well founded, a meritorious one. If the court has power to permit the writs to be entered at this time, the motion ought in my opinion to be granted.

In Dudley v. Keith, 153 Mass. 104, 26 N. E. 442, the question was whether the court had power to permit the entry in January of a writ which was returnable on the first Monday of November preceding. It was held that the court had not such power. While the opinion rests to a considerable extent upon ancient Massachusetts statutes running back to 1665, which, of course, are not binding on this court, nevertheless I think that the same conclusion would probably follow as to any court having fixed terms. The closing of a term operates to put certain matters beyond the jurisdiction of the court; for instance, judgments entered during the term cannot be reopened, except to a very limited extent, after the term has adjourned. It is, to say the least, doubtful whether, at common law, a writ returnable at a certain term could be entered, even with the assent of the court, at a later term.

It is not a question of limitation, as counsel for the government contend, but rather that the writ becomes void, because not returned into court at the term to which it belongs, and cannot thereafter be revived. The attachments of real estate made on these writs certainly ought not to become effective against purchasers for value who have relied on the nonentry of the writs as discontinuances of the actions and abandonment of the attachments.

The question whether the writs can be entered lies at the very threshold of the cases, and it ought to be finally settled before the parties are put to the burden and expense of a trial on the merits. I therefore rule upon the facts hereinbefore stated that the court had no power to grant this motion, and for this reason only it is denied.