Sullivan, J.
By this action of tort the plaintiff seeks to recover damages for injuries alleged to have been received by him because of the negligent operation of the defendant’s automobile on September 13, 1935 on a public way in Woburn. This case is tried with a companion case of Wladislow Klemka v. Everett B. Morrison, A. D. 1838.
The limit of time in which suit may be brought in actions of this type is determined by G. L. (Ter. Ed.) Ch. 260, §4.
, The date of the. writ is September 8,1936; service having been made September. 12,1936. The action was seasonably brought. Through an error of an employee of the plaintiff’s attorney the writ was presented to the Clerk’s office September 26, 1936 for entry, which was refused. On September 29, 1936 a motion by the plaintiff was made for a late entry of the action; notice to the defendant having been duly made, and who waived the right to be heard. The motion, after a hearing, was allowed, the defendant’s attorney notified that he was allowed to appear and file an answer within seven days.
*177 The defendant duly filed a plea in bar setting ont that the cause could not be entered beyond Friday, September 25, 1936 and requesting that the action be dismissed. The motion was allowed because the trial court was of the belief that he could not, in his discretion, deny it; but if he could in the exercise of his discretion he would have denied the plea in bar.
The report contains all the evidence material to the issues involved.
It is provided by G. L. (Ter. Ed.) Ch. 231, §13 that “If the plaintiff fails to enter his writ, or if he fails either to insert a declaration in the writ or to file it in the clerk’s office on or before the return day of the writ, the action may at any time, upon motion of the defendant, be dismissed with costs-; but the court may upon terms allow the plaintiff, at any time before the next regular return day to enter his writ and file his declaration.”
By Rule VI District Court Rules (1932). “Late entries may be made, upon motion and order, on or before the Friday noon next after the return day, upon such terms as the court may impose. Notice of such late entry shall be given to all other parties by delivering in hand or registered mail on or before six o’clock in the afternoon of said Friday.
Unless it shall appear at twelve o’clock noon of the Saturday next following said Friday that such notice has been given and the terms imposed complied with in the action so entered laté, the same shall be stricken from the docket unless the court for cause shown shall allow further time for such notice.”
Under the statute and rule of the court the plaintiff because of his inability to enter the action on the return day September 19, 1936 had until the following Friday, September 25,1936 to enter it late upon terms. The defendant could have filed a motion to dismiss the action at any time *178 after September 19, 1936 until six o’clock in the afternoon of Friday, September 25, 1936.
It is the contention of the defendant that the entry of the writ on Saturday, September 26, 1936 could not be made. It was not until Tuesday September 29, 1936 that the defendant filed his motion for a late entry — ten days after the return day. On October 1, 1936 according to the docket entries the cause was entered late. According to the docket a motion to dismiss such late entry was made by the defendant October 3, 1936 and thereafter on October 17, 1936 the motion was allowed by the trial court, who was of the opinion that he could not disallow the defendant’s motion. If he had discretion so to do, the court would deny such motion.
Under the statute, the court was without authority to permit a late entry on September 29, 1936. Its power to allow such entry expired Friday September 25, 1936.
By Bule VI of the District Court Buies the plaintiff had until noon of Friday September 25,1936 to make late entry of the writ. It is the contention of the plaintiff that the latter part of the rule permits the court to enter late even after “the Saturday next following said Friday” when the cause should originally have been entered. This contention is not tenable and this part of the rule is not applicable to the present ease. The rule making power of the District Court is set out in G. L. (Ter. Ed.) Ch. 218, §43. The District Courts cannot make a rule in contravention of G. L. (Ter. Ed.) Ch. 231, §13 and this latter statute provides that the writ can only be entered late “at anytime before the next regular return day. ’ ’ The next regular return day is September 26, 1936 — the last day for such late entry is therefore September 25, 1936. See Dudley v. Keith, 153 Mass. 104, note, Rule 6 Superior Court (1932).
There was no error in the trial court’s disposition in allowing the defendant’s motion to dismiss.
Beport dismissed.