GEORGE H. BYRON & others *vs.* CONCORD NATIONAL BANK & others.

Middlesex.    April 13, 1937. — February 9, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil*, Acceptance of service, Late entry, Waiver, Appearance, Judgment. *Executor and Administrator*, Waiver of defence to action. *Judgment*. *Equity Jurisdiction*, To enjoin enforcement of judgment.

A judgment for a bank, plaintiff in an action at law upon a meritorious claim against a decedent's estate, was valid, although the action was entered in court nearly four years after its return day, where it appeared that, two days before the expiration of the short statute of limitations, on the advice, given without fraud, of one who at the same time was president of the plaintiff and counsel for the defendant executor, the defendant accepted service of the writ and agreed to a

late entry of the action and later entered an appearance *pro se* in the action and consented to the entry of judgment for the plaintiff, thus waiving a defence of which he was not informed.

An executor's acceptance of service of the writ, agreement to late entry, and confession of judgment in an action upon a meritorious claim against the estate were binding not only upon him but also upon devisees under the will, and a suit in equity could not be maintained by the devisees to restrain a sale, following a levy under an execution upon such judgment, of real estate devised to them.

BILL IN EQUITY, filed in the Superior Court on January 23, 1936.

From a final decree dismissing the bill, entered after a hearing by *Williams*, J., the plaintiffs appealed.

*M. W. Powers*, for the plaintiffs, submitted a brief.

*C. D. Post*, for the defendant Concord National Bank.

RUGG, C.J. The plaintiffs seek to restrain the defendants from proceeding with a sale of certain real estate on levy of execution and for an accounting. The case was heard by a judge of the Superior Court, who made findings of facts in substance of this tenor: One Mary E. Byron died, testate, in October, 1927, leaving three parcels of real estate in Concord. Two of these parcels were specifically devised to certain plaintiffs, and the residue was devised in trust for certain minors whose guardian was a party to similar proceedings. The plaintiffs are devisees and representatives of devisees of these parcels of real estate. Charles M. Byron and the defendant Francis B. Byron were appointed executors of the will of the testatrix and qualified as such by giving bond on December 30, 1927. Charles M. Byron died on June 22, 1928, and since that time Francis B. Byron has been sole executor. At the time of the death of the testatrix, "she owed the defendant Concord National Bank the sum of $10,200 on a note secured collaterally by a mortgage. On January 21, 1928, the mortgage was paid and surrendered, and $6,700 was credited on the note." One Prescott Keyes of Concord, an experienced attorney, was and still is the president of the Concord National Bank. He was also attorney for members of the Byron family and had the confidence of the family as a whole, and on the death of the testatrix became attorney for the executors of her

will and, later, for the surviving executor. In the latter part of 1928, Mr. Keyes realized that the short statute of limitations in favor of the Byron estate would become effective to bar claims after December 30, 1928. Accordingly, on December 28, 1928, he drew a writ dated December 28, 1928, in behalf of Concord National Bank on its claim against the estate of the testatrix, returnable in the Superior Court on the first Monday of February, 1929. On December 29, 1928, Mr. Keyes procured acceptance of service of this writ by the executor, Francis B. Byron, and an indorsement that the writ might be entered late. There was no dispute as to the liability of the estate to the bank, and there was no defence on the merits of the claim. The finding was that this transaction was entirely proper on the part of Mr. Keyes. The executor acted in the matter in complete reliance upon the judgment of Mr. Keyes. The purpose of Mr. Keyes was to avoid publicity touching the estate, because there was pending another claim against the estate which Mr. Keyes felt was groundless. The writ was not entered on the first Monday of February, nor on the first Monday of March following. Action was brought on the other claim against the estate by writ dated March 14, 1929, and that writ and declaration were entered on April 1, 1929. The short statute of limitations was pleaded and that case was adjusted by the entrance of a neither party agreement in January, 1931. The writ of the bank against the estate was not entered until December 5, 1932. In that case the surviving executor filed, on December 20, 1932, a statement signed by him of this tenor: "I appear *pro se* and admit the allegations contained in the plaintiff's declaration and consent that judgment may be entered thereon." On February 2, 1933, a judge of the Superior Court entered an order to this effect: "The defendant having appeared *pro se* and filed an answer admitting the allegations contained in the plaintiff's declaration and consenting that judgment may be entered thereon, it is ordered that judgment be entered on the plaintiff's declaration." Judgment was entered in accordance with this order, execution was taken out by the bank on February 7, 1933, for

$4,598.39, and given to the defendant Corey, a deputy
sheriff, and levy was made by him on the Concord real
estate of the testatrix.

The appearance of the surviving executor and his consent
to judgment were procured by and under the advice of Mr.
Keyes. The executor knew that there was no defence on
the merits to the claim of the bank, but he had no knowledge
of the law as to his rights under the short statute of limita-
tions. There was no valid reason for the delay in entering
in court the case of the bank against the estate. The assent
to the late entry given by the executor on December 29,
1928, became inoperative and valueless after the first Mon-
day of March, 1929, which was the next entry day after
the return day of the writ. Therefore, the executor might
have had the action of the bank discontinued on motion, if
properly advised. The trial judge found and ruled "that the
appearance of the defendant executor on December 20,
1932, effected a waiver of his right to a discontinuance"
and enabled the bank "to have the case proceed to judg-
ment. At the time Mr. Keyes procured the appearance
and confession of judgment by the executor, Mr. Keyes
was both president of the plaintiff . . . and trusted attorney
for the defendant executor. While acting in this dual
capacity his advice to the executor resulted in the loss of a
technical though substantial defence." Judgment was
entered in favor of the bank in accordance with an order
of a judge of the Superior Court, and execution was taken
out and given to the sheriff. There was no fraud on the
part of Mr. Keyes in procuring the appearance and con-
fession of judgment by the executor. He felt that the bank
had a meritorious claim. In fact, it had such a claim. By
reason of his relationship to both parties, Mr. Keyes was
justified in having the claim of the bank "reduced to judg-
ment. He knew or should have known the law in reference
to the rights of an executor, and . . . he [Mr. Keyes] was
not justified in procuring the executor to appear and an-
swer." The bank "has obtained a valid and legal judgment.
It is based on a meritorious claim. The executor might
have avoided this judgment." These facts must be accepted.

They were found upon oral testimony presented to the trial judge. On this state of facts, the trial judge found and ruled that the bank should not be enjoined "from proceeding with the sale of the real estate on which levy has been made under the aforesaid execution."

The trial judge made further findings as follows: "The remaining part of the case involves the failure of the executor Byron to sell the Main Street property shortly after the death of Mary E. Byron and while the real estate market was good so that the real estate devised to the specific devisees might have been exonerated. It is alleged that a conspiracy existed between the executor and his attorney, Mr. Keyes. I find no such conspiracy. At most, there was an error of judgment and it would be unfair to tax the executor in 1928 and 1929 with a knowledge which has only been gained by developments in the security market since then."

A final decree was entered accordingly. The plaintiffs in one case did not perfect any appeal. That case need not be considered. It is provided by G. L. (Ter. Ed.) c. 197, § 9: "Except as provided in this chapter, an executor . . . shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor . . . or service thereof accepted by him." The executor accepted service on the writ of the bank within the period prescribed by the short statute of limitations. It follows that no defence arising out of that statute was thereafter available to him. *Garber* v. *Hirsh*, 225 Mass. 422.

General appearance *pro se*, admission of the allegations of the declaration and consent to judgment by an ordinary defendant, in an action at law in which the writ and declaration have been entered more than three years after the return day named in the writ, where service of the writ has been accepted prior to the return day, render valid and binding upon the defendant and upon persons in privity

with him a judgment rendered thereon. *United States* v. *O'Brien*, 120 Fed. 446. *Riley* v. *Brusendorff*, 226 Mass. 310. See *Higgins* v. *Savoie*, 288 Mass. 463. *Anderson* v. *Cohen*, 30 Fed. (2d) 188, was decided later than *Riley* v. *Brusendorff* and does not notice that decision. It is provided by G. L. (Ter. Ed.) c. 231, § 13: "If the plaintiff fails to enter his writ, or if he fails either to insert a declaration in the writ or to file it in the clerk's office on or before the return day of the writ, the action may at any time, upon motion of the defendant, be dismissed with costs; but the court may upon terms allow the plaintiff, at any time before the next regular return day, to enter his writ and file his declaration." That section does not purport to apply to a writ entered late by consent. Failure to enter a writ or declaration within the proper time effects a discontinuance only when upon motion by the defendant the court so orders. Until such motion is filed, an action which was commenced by making out the writ and acceptance of service and actual late entry in court pursuant to consent is not discontinued and the jurisdiction of the court continues. There was no motion to dismiss in the case at bar. On the contrary, the attention of a judge of the Superior Court was directed to the case and an order was made that judgment be entered, and execution was taken out and placed in the hands of the officer. The case of *Dudley* v. *Keith*, 153 Mass. 104, decided under an earlier statute, is not in the point actually decided opposed to this view. See also *Cardival* v. *Smith*, 109 Mass. 158; *United States* v. *Frederick E. Atteaux Co. Inc.* 275 Fed. 1013.

The fact that the defendant was an executor does not prevent a judgment obtained in the circumstances here disclosed from binding the executor and the devisees under the will. G. L. (Ter. Ed.) c. 197, § 9. *Garber* v. *Hirsh*, 225 Mass. 422. The defences as to which an executor in good faith has power to bind devisees by waiver are broad enough to include the case at bar. *Bullard* v. *Moor*, 158 Mass. 418, 425. *Henry* v. *Sweeney*, 216 Mass. 112. See *Walsh* v. *Packard*, 165 Mass. 189, 192.

Courts of equity do not enjoin the enforcement of a judg-

ment except in cases of fraud, accident, mistake or surprise, or where some unconscionable use of a legal right or title is made or threatened. Freeman on Executions (3d ed.) § 436. These usually relate to errors of fact rather than of law. *Frechette* v. *Thibodeau*, 294 Mass. 51. *Trustees of Amherst College* v. *Allen*, 165 Mass. 178. The case at bar does not fall within that classification.

*Decree dismissing bill affirmed with costs.*