## Boarman v. Bedway et al.

*Joseph G. McKeone*, for plaintiff.
*Samuel Lichtenfeld*, for defendants.

WINDLE, P. J., December 15, 1941.—Defendants took this rule to strike off the sheriff's return of service of the writ of summons on the ground that it was made too late. Said return avers personal service on the return day of the writ but was not made until after the expiration of the term of court, the first day of which was the return day, and of the next term following. We believe it is good.

There is a dearth of authorities on the point raised. The only decided case in this jurisdiction that we can

find or to which counsel has directed our attention is that of West's Executors v. Nixon's Executors, 3 Grant 236, decided by the Supreme Court of Pennsylvania in 1858. There the court upheld a return of tarde venit made on January 2, 1858, to a writ returnable October 10, 1857, saying:

"This return was good, and could be made as well after as before the return day. In practice this often occurs, and is sometimes allowed to be made after a lapse of years, to avoid apparent irregularities."

While it does not appear in the report of that case when the term expired, to which the writ there in question was issued, nevertheless, the latter expression is consistent only with the thought that a writ may be returned after the expiration of such term. We, therefore, consider it a statement of law in this jurisdiction to that effect and consequently hold that the return before us was not too late. If the common-law rule be otherwise as is suggested in United States v. Frederick E. Atteaux Co., Inc., 275 Fed. 1013, and stated in Bowden v. Gillispie Co., 75 N. J. L. 296, in that connection, our Supreme Court, as above pointed out, has indicated that such rule does not now obtain in this State. While it may be better practice to obtain leave of court to return a writ of summons after term time no purpose is served here by invoking any such rule. On application made we would doubtless grant such leave.

Rule dismissed.