Rollins, J.
This is an action of contract in which the plaintiffs seek to recover from the defendant as surety on a bond for the release of one Garth from arrest on mesne process.
The case was submitted to the trial judge on a Statement of Agreed Facts, the material parts of which are contained in the special findings made by the trial judge, which are as follows:
“I further find that the plaintiffs herein brought an action in contract in the Municipal Court of the City of Boston by writ dated June 23,1939 against J. Woods Garth of Charlottesville, Virginia, then commorant of said Boston, which action was returnable July 8, 1939 ; that on June 26, 1939 said Garth was arrested on said writ on mesne process and after a hearing thereon was committed to jail and on the same day the said Garth, as principal and the defendant herein, James C. Burke, *223 as surety, executed a bond in accordance with the provisions of General Laws, Chapter 224 for the release of said Garth. The action against Garth was entered in Court on August 4, 1939 on the plaintiff’s motion to enter the case late, and was assented to by counsel for Garth, who filed an appearance and answer; that said late entry was made without the knowledge or consent of the defendant Burke, the surety; that said late entry was not made within the time allowed under the rules of the Municipal Court of Boston. I further find that judgment was rendered against said Garth on April 25, 1941 and execution issued on April 29, 1941; that no part of said judgment has been paid; that the said Garth has not begun supplementary proceedings under Chapter 224 of the General Laws since the rendition of said judgment. ’ ’
The plaintiffs seasonably filed four requests for rulings. The trial judge denied requests numbered 1, 3 and 4, took no action on request number 2, and found for the defendant.
If the action in the Municipal Court had been entered on the return day of the writ, Saturday, July 8, 1939, or entered late, in accordance with the rules of that Court, on or before the following Thursday, July 13, the plaintiffs in this action would prevail. Lee v. James, et als., 150 Mass. 475, 476.
But the suit in the Municipal Court was not entered until August 4, 1939, after the time allowed for late entry by the rules of that Court, and by General Laws Chapter 231, section 13, had expired, and then only by the consent of Garth, and without the Imowledge or consent of the defendant in this action.
The only question presented by this record for our determination is, — did the plaintiffs ’ failure to enter the suit in the Municipal Court until August 10, 1939, under the facts and conditions above described, prevent their recovery in this action! We are of the opinion that it did, and for the following reasons:
*224 After July 13th when the time for late entry under the rules of Court had expired, the plaintiffs could not have ever effected the entry of the suit, without the consent of the defendant, and no judge would have had authority under the law to order such entry. Dudley v. Keith, 153 Mass. 104, 108.
It is true that an action may be entered later than the time allowed by the rules for late entry if such entry is assented to by the defendant. But a judgment obtained under those conditions is binding only on the defendant and persons in privity with him. Byron v. Concord Nat’l Bank, 299 Mass. 438, 442, 443.
We believe that the obligation assumed by this defendant, when he became surety on the bond, was to survive only if the action in the Municipal Court was entered on the return day of the writ, within the time allowed by the rules for late entry, or after that time, with his knowledge and consent.
To hold otherwise would lead to absurd results. Can it be that a surety who finds that the action was not entered on the return day or within the time allowed by the rules and the statute, and who will not assent to any entry thereafter, must wait, possibly for years, (see Byron v. Bank, supra at p. 442) to ascertain whether his principal will consent to such late entry and thereby make him liable? It is of course clear that the surety would not be hable if the suit were never entered.
The liability of the defendant in this action terminated ■ when the plaintiffs in the suit in the Municipal Court failed to enter the suit- on or before July 13, 1939, the time allowed by the rules of Court for late entries.
There was no error in the denial of the plaintiffs’ first, third and fourth requests for rulings.
The plaintiffs’ second request was
*225 “2. Upon the agreed statement of facts, the judgment in the case of James McDonough et al. v. G. Woods Garth is valid.”
The failure of the trial judge to pass upon this request was equivalent to a denial of it, if the request was relevant. Bankoff v. Coleman Bros., 302 Mass. 122.
We do not believe the request was relevant, but even if it was and the denial of it was error, such error was not prejudicial to the plaintiffs, for assuming such judgment was valid as between the parties to that suit, the plaintiffs cannot recover against the defendant in this action for the reasons above stated.
There being no prejudicial error, the Report must be dismissed.