N. Blanche Bowles *vs.* Effie L. Palmer & others,
& trustee.

Suffolk.    December 9, 1901. — December 9, 1901.

Present: Holmes, C. J., Knowlton, Lathrop, Hammond, & Loring, JJ.

*Practice, Civil,* Copy of declaration.    *Statute,* Construction.

In the requirement of Pub. Sts. c. 167, § 8, amended by St. 1894, c. 405, that a copy
of the declaration must be furnished on demand if there is an attachment and
"the declaration and bill of particulars, when necessary, are not inserted in the
writ," the words "when necessary" qualify "bill of particulars" alone, and the
declaration always must be furnished.

Appeal from an order of the Superior Court ordering an
action discontinued. The writ issued March 21, 1901, and an
attachment was made by trustee process. On April 9, 1901,
the defendants made a demand in writing upon the plaintiff's
attorney for a copy of the declaration stating the plaintiff's
cause of action. The demand was not complied with, and the
defendants moved for the order from which the appeal was
taken.

Pub. Sts. c. 167, § 8, as amended by St. 1894, c. 405, is as
follows: " The declaration may be filed in the clerk's office on
or before the day on which the writ is returnable, unless an
arrest of the person is made. If there is an attachment of
property, and the declaration and bill of particulars, when neces-
sary, are not inserted in the writ, a copy thereof shall be fur-
nished to the defendant or his attorney within three days after
he has demanded the same in writing of the plaintiff or his
attorney, and if not so furnished, the action may, upon motion
of the defendant, be discontinued."

*J. B. Dixon,* for the plaintiff.

*P. S. Maher & E. S. Hall,* for the defendants, submitted the
case on a brief.

By the Court. The statute requires a copy of the declara-
tion to be furnished on demand in all cases where there is an
attachment and the declaration is not inserted in the writ. St.

1894, c. 405.   The comma after the word "particulars" raises no reasonable doubt that the following words, "when necessary" qualify "bill of particulars" alone.

*Judgment affirmed.*