FERGUSON & COMPANY, INC. *vs.* DOMENICK MELILLO.

Suffolk.   February 5, 1929. — February 9, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Amendment, Copy of declaration filed under G. L. c. 231, § 12, Dismissal.

Where, upon a demand under G. L. c. 231, § 12, by two defendants in an action of contract for a copy of the declaration after an attachment of property had been made upon the writ, the plaintiff furnished them with a copy of a declaration containing a count upon an account annexed, a count for goods sold and delivered, a count upon a promissory note and a count charging conspiracy to cheat, and, before entry, struck the name of one defendant from the writ and on return day entered only a declaration with one count upon the promissory note, a motion by the remaining defendant that the action be dismissed properly was allowed.

It *was stated* that a declaration furnished upon a demand made under G. L. c. 231, § 12, is as much a part of the case as the writ, and stands on the same footing as it would if inserted in and thus made a part of the writ or if actually filed in court.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated June 9, 1928.

In the circumstances stated in the opinion, the judge of the Municipal Court dismissed the action and reported the

action to the Appellate Division.  The report was ordered dismissed.  The plaintiff appealed.

*E. M. Dangel, H. Krinsky & S. Rice,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

RUGG, C.J.  Recovery is sought of the amount due on a promissory note made by the defendant to the order of the plaintiff.  The writ as originally sued out named as defendants "Dominick Melillo and Adelaide Melillo, both of Boston."  Attachment of property was made upon the writ and service was made upon both defendants.  Thereupon the defendants duly demanded of the plaintiff a copy of the declaration in accordance with G. L. c. 231, § 12.  The plaintiff seasonably furnished the defendants with a copy, properly entitled, which contained four counts, three in contract and one in tort, all alleged to be for one and the same cause of action.  The first count was upon an account annexed, the second for goods sold and delivered, the third for the promissory note described in the declaration filed in court, and the fourth for a conspiracy to cheat the plaintiff. After that but before the return day, the plaintiff struck from the writ the words "and Adelaide Melillo, both" so that as amended the writ ran against Dominick Melillo.  Upon the entry of the case in court the plaintiff did not file the declaration, copy of which had been delivered to the defendants, but filed a declaration on the promissory note alone.  The defendant moved to dismiss the action for failure to furnish a copy of the declaration in accordance with the demand made under the statute.  This motion was granted.  Whether the granting of this motion was error is the question for decision.

It is provided by G. L. c. 231, § 12 that, where an attachment of property has been made, a copy of the declaration shall be furnished "within three days after a written demand therefor . . . and in case of failure so to do, the cause may, upon motion, be dismissed with costs."  This statute is valid and enforceable against a plaintiff who fails to comply with its terms.  *Brow* v. *Norton,* 167 Mass. 472.  *Bowles* v. *Palmer,* 180 Mass. 169.

It was held in *Simeon* v. *Cramm,* 121 Mass. 492, that, after

a writ is issued and served, parties have no right to change it without leave of court. A declaration furnished upon demand under the mandate of the quoted statute is as much a part of the case as the writ. It stands on the same footing as it would if inserted in and thus made a part of the writ or if actually filed in court. It cannot be altered without leave of court.

The suggestion is without merit that the action could not be dismissed because the declaration, copy of which was furnished to the original defendants, contained among its counts one in substance the same as the declaration subsequently filed in court. The plaintiff did not file in court the declaration copy of which had been given to the defendants and then move to amend by striking out the three counts other than the one on which it intended to rely. It arrogated to itself the function of amending the declaration by substituting a new one, a power which could be exercised only by leave of court. It stands no better than it would if no copy whatever had been furnished to the defendants on demand under the statute. A copy of a declaration untrue in essential particulars does not satisfy the requirement of the statute. There was no error of law in granting the motion to dismiss.

*Order dismissing report affirmed.*