### UTILITY MFG. CO., Inc., v. ELGIN LABORATORIES et al.

District Court, S. D. New York.

Jan. 24, 1939.

Henry Price, of New York City, for plaintiff.

Louis M. Block, of New York City, and James R. McKnight, of Chicago, Ill., for S. S. Kresge Co.

HULBERT, District Judge.

The complaint in this case was filed November 19, 1938, against six defendants. By order dated December 9, 1938, three additional defendants were added in the caption but the action has since been discontinued or dismissed as to all defendants except S. S. Kresge Co., upon whom service of process is alleged to have been made on November 25, 1938, at 370 Lexington Avenue, New York, N. Y., by delivering copy of the summons and complaint to and leaving same with E. A. Akehurst as "Managing Agent of said Company."

The complaint alleges: "The jurisdiction of the Court is founded upon diversity of citizenship, the Plaintiff being a citizen of New York and the defendants being citizens of Illinois and Michigan, and the amount in controversy exceeds Three Thousand Dollars exclusive of interests and costs and the jurisdiction also

arises under the Trade Mark Laws by reason of the infringement by Defendants of a Registered Trade Mark of Plaintiff No. 300,417, issued January 17, 1933."

By an ex parte order dated December 22, 1938, the following lines: "the jurisdiction also arises under the Trade Mark Laws by reason of the infringement by Defendants of a Registered Trade Mark of Plaintiff No. 300,417, issued January 17, 1933", were stricken out pursuant to an ex parte application made by the plaintiff under Rule 15 (a) (c), 28 U.S.C.A. following section 723c, issue not yet having been joined.

Meanwhile S. S. Kresge appeared specially for the purpose of objecting to the jurisdiction of the court and moving that the return of service be vacated and the complaint dismissed for want of jurisdiction. Such a motion was made and the notice thereof also asks that the order dated December 22, 1938, be vacated.

It does not appear that a copy of the complaint, as amended, has ever been served upon the defendant Kresge.

The plaintiff is a New York corporation, has a place of business within this district and alleges that it is the owner of U. S. Registered Trade Mark No. 300,-417, and that for many years it has used said Trade Mark "FALCON" displayed in a certain distinctive and unique fashion in connection with cameras which it has widely advertised, placed upon the market and sold through retail stores in the United States at $3.95 each.

The plaintiff further alleges that one Schiff, originally named as a defendant, utilizing some 16 specified corporations, has practiced "the acts of unfair competition and the acts of infringement hereinafter more fully referred to" and "within the last several months put out upon the market cameras simulating and imitating the distinctive style, shape, dress and appearance of plaintiff's Falcon camera", using however, the alleged trade names "Elgin" "Regal" and "Adams".

The only allegation implicating the defendant Kresge is that it is one of the concerns which "has purchased or are selling or are about to sell this imitation camera" at a cut price of $1.95 each, to plaintiff's damage in excess of $100,000, and plaintiff prays for a temporary restraining order and permanent injunction against these unfair competitive acts and from continuing their acts of infringement and for an accounting.

Defendant Kresge is a Michigan corporation. There is nothing in the record to show that it has committed the infringing acts within this district, or what connection, if any, Akehurst has with the Company, except the statement set forth in the affidavit of service of the summons and complaint that he is the "Managing Agent" of the defendant. Title 28 U.S.C. A. § 109.

There is attached to the brief of plaintiff's counsel on this motion, a photostatic copy of a letter purporting to have emanated from the office of the Secretary of State of the State of New York, dated Jan. 16, 1939, stating that the defendant received authority to do business in this State May 5, 1916, together with a page from the current classified local directory, in which appears the name, "Kresge, S. S. Co. District Offices, 370 Lex. Ave.", and a telephone number at that address, and four other locations of Kresge 5 and 10 cent stores, and the telephone listing of each.

Section 210 of the General Corporation Law of New York, Consol.Laws, c. 23, provides that in order to obtain a certificate authorizing it to do business in the State of New York, a foreign corporation shall present to the Secretary of State, a statement and designation duly executed and acknowledged, setting forth where its office within this State is to be located, the business which it proposes to do within this State, and a designation of the Secretary of State as its agent upon whom all process in any action or proceeding against it may be served within this State.

Rule 4, sub. (d) (3) Federal Rules Civil Procedure, provides: "Service shall be made * * * Upon a * * * foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

Aside from the fact that the plaintiff's pleading does not appear to me to set forth facts sufficient to constitute a cause of action,—if the service of the summons is legal, would the defendant answer the complaint in accordance with the copy served upon Akehurst, or the complaint as amended by the order of Dec. 22, 1938?

Rule 4 (d), F.R.C.P., requires that the summons and complaint shall be served together.

Rule 5 (a), F.R.C.P., provides that every pleading subsequent to the original complaint, unless the court otherwise orders because of numerous defendants, shall be served upon each of the parties affected thereby but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

At the time the complaint was amended the defendant was not in default. It has never been served with the amended complaint and certainly the purpose of the amendment was to assert a new claim for relief because it sought to make the defendant amenable to process in this district instead of the district in Michigan where it has its principal place of business.

The motion to set aside the summons must be granted. Settle order on two days' notice.