**JOHNSON v. BALDWIN et al.**
**Civil Action No. 865.**

United States District Court
W. D. South Carolina,
Greenville Division.

Feb. 16, 1949.

Young, Bell & Callison, of Greenwood, S. C., and Miller C. Foster and Harvey W. Johnson, both of Spartanburg, S. C., for plaintiff.

Grier, McDonald, Todd & Burns, of Greenwood, S. C., for defendants.

WYCHE, Chief Judge.

The plaintiff in the above action "complaining in the right of and on behalf of the Brandon Corporation and on behalf of herself, individually, as a stockholder of the Brandon Corporation, and on behalf of all other stockholders" seeks to recover damages against certain directors and former directors of the defendant Brandon Corporation for breach of duty.

The matter is before me now on motion of defendant Summerfield Baldwin, Jr., to quash the service of the summons upon him and to dismiss the action for lack of jurisdiction. The motion is based upon two jurisdictional grounds, (1) lack of jurisdiction of person; and (2) lack of the requisite diversity of citizenship.

All of the defendants, with the exception of G. B. Dorsey and Summerfield Baldwin, Jr., are residents and citizens of South Carolina; Summerfield Baldwin, Jr., is a citizen of Maryland, residing in Baltimore; he was served in Baltimore on April 7, 1948, with process issued by the Clerk of this Court and served by a Deputy Marshal of the United States District Court for the District of Maryland; he has not been served with process in the State of South Carolina.

Prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., except in cases where otherwise provided by federal statute, a United States District Court could not issue valid process in a civil action beyond the limits of the district, and a defendant in a civil suit could not be subjected to its jurisdiction in personam except by service within the district, or by voluntary general appearance. Robertson v. Railroad Labor Board, 268 U.S. 619, at page 622, 45 S.Ct. 621, 69 L.Ed. 1119.

Rule 4(f), Rules of Civil Procedure, has changed this law to the extent that all process other than a subpoena may now be served "anywhere within the *territorial limits of the state* in which a district court is held," and beyond the territorial limits of the state where a federal statute so provides. The service is valid whether made by the marshal of the district out of which the process issued or by the marshal of the district in which service is made. Rule 4(c), Rules of Civil Procedure; Moore's Federal Practice, 2d Ed., Vol. 2, page 1037. Congress has the power to permit the service of process beyond the territorial limits of the state, but it has not done so by any general law. However, in certain actions a number of federal statutes permit the service of process beyond the territorial limits of the state. For instance, actions under the Federal Interpleader Act, 28 U.S.C.A. §§ 1335, 1397, 2361; process against the corporation in a shareholder's action; actions by the United States under section 5 of the Sherman Act, 15 U.S.C.A. § 5, and section 15 of the Clayton Act, 15 U.S.C.A. § 25; actions in which a receiver is appointed and the land or other property of a fixed character, the subject of the action, lies within different states in the same judicial circuit, process may issue and be executed within any district of the circuit; certain actions under the interstate commerce laws, pursuant to 28 U.S.C. § 2321 and 49 U.S.C.A. §§ 20, 23 and 43; an action by a national-banking association under the provisions of chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction. But no federal statute has come to my attention in which such permission has been granted in the case of an action by a stockholder of a corporation for damages against directors of a corporation for breach of duty.

Since the service of the summons in this action upon the defendant Summerfield Baldwin, Jr., was made beyond the ter-

362

ritorial limits of the State of South Carolina, the motion to quash the service of summons upon him must be and it is hereby granted, and

It is ordered, that the action as to him be and the same is hereby dismissed.

Having concluded that the first ground of the motion is well-founded, I find it unnecessary to pass upon the other ground.