Randolph PHILLIPS, as a director of Investors Diversified Services, Inc., and in his own right as a stockholder of Alleghany Corporation, and on behalf of Investors Diversified Services, Inc. and all stockholders of Alleghany Corporation similarly situated, Plaintiff,

v.

John D. MURCHISON and Clint W. Murchison, Jr., individually and as persons doing business under the firm name and style of Murchison Brothers, Clint W. Murchison, Sr., Investors Diversified Services, Inc., and Alleghany Corporation, Defendants.

United States District Court
S. D. New York.
June 1, 1961.

Randolph Phillips, plaintiff, pro se.

Townley, Updike, Carter & Rodgers, New York City, for defendant Clint W. Murchison, Jr., Debevoise, Plimpton & McLean, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order vacating the alleged service of process on Clint W. Murchison, Jr., purportedly made on May 1, 1961, on the grounds of (1) insufficiency of process, (2) insufficiency of service of process, and (3) lack of jurisdiction over the person of Clint W. Murchison, Jr.

The papers show that the original complaint in this action was filed in this court on February 24, 1961. It was one by Randolph Phillips, as director of Investors Diversified Services, Inc. and as a stockholder of Alleghany Corporation, and on behalf of Investors Diversified Services, Inc. and all stockholders in Alleghany Corporation similarly situated.

It appears that before the action was at issue plaintiff filed an amended complaint in this court on March 21, 1961. Up to the time of the filing of the amended complaint no service had been effected on Clint W. Murchison, Jr., although, apparently, the other defendants had been served. The amended complaint differed in important respects from the original complaint. The original complaint was one by Randolph Phillips in a representative capacity. In the amended complaint the plaintiff alleged that he brought the first and second counts in his own right individually. He alleged the third and sixth counts as director of Investors Diversified Services, Inc. and the fourth, fifth and sixth counts as a representative action on behalf of the stockholders of Alleghany Corporation similarly situated.

The plaintiff, who is not a lawyer and appears in the action *pro se*, attempted to effect service upon defendant Clint W. Murchison, Jr. by serving upon him a copy of the summons in Baltimore, Maryland. Accompanying the summons was a copy of the original complaint. This service was purportedly made on May 1, 1961. Prior thereto the original

complaint had been superseded by the filing in this court on March 21, 1961 of the amended complaint. Upon the filing of the amended complaint, which was complete in and of itself and did not refer to or adopt the counts of the prior complaint, that amended complaint superseded the original complaint. The effect of this was to withdraw the prior complaint, which thereupon became *functus officio*. Bullen v. De Bretteville, 9th Cir., 1956, 239 F.2d 824, 833; Nisbet v. Van Tuyl, 7th Cir., 1955, 224 F.2d 66, 71, 71 C.J.S. p. 716–17.

Rule 4 of the Rules of Civil Procedure, 28 U.S.C.A., covering the service of process, says in subdivision (d): "The summons and complaint shall be served together." Plaintiff in this case did not serve the then complaint upon the defendant Clint W. Murchison, Jr. but served a superseded complaint which then was no more than a "mere 'scrap of paper' insofar as the case is concerned." Leis v. Massachusetts Bonding & Ins. Co., Mo.App.1939, 125 S.W.2d 906, 908.

■ The Court holds that serving a superseded complaint with the summons was not a proper service of process and sets aside such service as insufficient. Utility Mfg. Co. v. Elgin Laboratories, D.C.S.D.N.Y.1939, 1 F.R.D. 165; 2 Moore, Federal Practice, ¶ 4.09 (2d ed. 1960).

■■ This decision of the Court is made all the more necessary by virtue of the unusual procedure adopted by the plaintiff. In the amended complaint the plaintiff alleges two causes of action in his own right individually: one of them is an action for libel. These individual causes of action would have to be instituted by service within New York State. Plaintiff attempts to maintain the service by alleging that the other causes of action, that were somewhat similar to the causes of action in the original complaint, were based upon violations of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq. under which service may be made wherever the defendant is found.

Certainly a suit for libel, based upon diversity, could not be served outside this state. Service made beyond the territorial limits of the State of New York is insufficient and a cause of action based thereon should be dismissed. Johnson v. Baldwin, D.C.W.D.S.C.1949, 82 F.Supp. 360. The plaintiff in effect is seeking to maintain jurisdiction in this action by a superseded complaint which he might have served upon the defendant Clint W. Murchison, Jr., anywhere in the United States. But prior to this purported service the complaint was amended to comprehend individual causes of action. The amended complaint could not be served outside New York State. Plaintiff sought to circumvent this rule by not serving the amended complaint on the defendant at the time he served the summons. This he may not do. Lasch v. Antkies, D.C.E.D.Pa.1958, 161 F.Supp. 851. Although the Court has jurisdiction over certain of the Securities Act claims, it has no authority to permit a party to join, by way of amendment, claims which could not originally have been brought in this court. Lasch v. Antkies, supra; Kappus v. Western Hills Oil, Inc., D.C.E.D.Wis.1959, 24 F.R.D. 123, 127. See Pearce v. Pennsylvania R. R. Co., 3d Cir., 1947, 162 F.2d 524, 528; Moreno v. United States, 1st Cir., 1941, 120 F.2d 128, 130. In Lasch v. Antkies, jurisdiction and venue on the original complaint were founded solely on the Securities Act of 1933. 15 U.S.C.A. §§ 77*l* and 77v. Plaintiff's subsequent amended complaint included a common law cause of action requiring territorial service. The court vacated service of the amended complaint saying:

"Counsel has cited no authority to permit 'ancillary service' which was attempted to be made in the present case. Furthermore, it is reasonable inference that Congress, by enacting a special venue provision in a statute [the Securities Act], did not intend to permit a party to do indirectly (through service of an amended complaint) what cannot be done

directly (through service of the original complaint)." 161 F.Supp. at page 852.

The motion to dismiss the service as to Clint W. Murchison, Jr. is granted. So ordered.