LEON S. FINKEL vs. NATALE ROTA, INC.

Norfolk.  November 13, 1984. — December 3, 1984.

Present: GREANEY, C.J., ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Relief from judgment, Service of process, Complaint. *Judgment,* Relief from judgment.

The circumstance that service of process on the defendant in a civil action had been made nine days before the plaintiff commenced the action by filing the complaint with the clerk of court did not entitle the defendant to relief from a default judgment, where the prematurity of service had not prejudiced the defendant and was not brought to the court's attention until several months after the action had gone to judgment. [57-58]

CIVIL ACTION commenced in the Superior Court Department on September 30, 1982.

After judgment by default was entered in favor of the plaintiff, motions by the defendant for relief from judgment were heard by *Paul G. Garrity,* J., and *Edith W. Fine,* J., respectively.

*Evelyn V. Henry* for the defendant.

*Barbara A. Lenk* for the plaintiff.

ARMSTRONG J. From their inception the Federal Rules of Civil Procedure placed on the clerk of the District Court the function of issuing process for service on defendants.[1] The clerk, of course, has no occasion to prepare process until the complaint has been filed in court. The adaptors of the Mas-

---

[1] See Fed.R.Civ.P. 4(a). As originally drafted, 308 U.S. 664 (1939), that rule provided that upon the filing of the complaint the clerk should issue a summons and deliver it for service to the marshal or to one specially appointed to serve it. On August 1, 1980, the rule was amended to allow persons authorized under State law to serve process. See 77 F.R.D. 613, 618-619 (1978). On February 26, 1983, the rule was amended so that the clerk now delivers the summons to the plaintiff or his attorney, who is responsible for service of the summons and a copy of the complaint. Pub. L. No. 97-462, 96 Stat. 2527 (1982).

sachusetts Rules of Civil Procedure made different provision for process. Doubtless in response to the sheer volume of litigation in the State courts and the realities of staffing limitations in clerks' offices, they put the onus of preparing process exclusively on the plaintiff, who is to deliver the summons and a copy of the complaint to a sheriff or other qualified process-server. Mass.R.Civ.P. 4(a), 365 Mass. 733 (1974). The latter is to serve the process and file his return promptly in court. Mass.R.Civ.P. 4(c), (d), (f). Thus can arise under the Massachusetts rules a problem that will not, as a practical matter, occur in Federal practice: What happens if, as in this case, service of process is made before the action is commenced?[2]

Rules 3 and 4 may be said to contemplate that commencement of the action will precede service of process, although the wording[3] may be read more as an assumption than as a mandate.[4] Where the order is reversed, there is a fair probability that any question as to the validity of the premature service will be vitiated before the defendant even realizes that the question exists. The summons will not tell the date the complaint was filed; and the defendant's act of appearing and answering in the normal course without raising the question would constitute a waiver of any possible defense along these lines. See Mass.R.Civ.P. 12(h)(1), 365 Mass. 757 (1974); *Branic* v. *Wheeling Steel Corp.,* 152 F.2d 887, 888 (3d Cir.

---

[2] An action is "commenced" by delivering the complaint and the entry fee to the clerk of the proper court or by mailing them to the clerk by certified or registered mail. See Mass.R.Civ.P. 3, as amended, 385 Mass. 1215 (1982).

[3] Rule 4(a) begins: "Upon commencing the action the plaintiff or his attorney shall deliver a copy of the complaint and a summons for service to the sheriff [or other authorized process server] . . . ."

[4] For a mandatory reading the defendant relies heavily on Smith & Zobel, Rules Practice § 3.2 ("Until the complaint has been mailed by certified or registered mail to the clerk or until the complaint has actually been filed in the clerk's office . . . process may not be put in the hands of the officer, and, *a fortiori,* may not be served") and § 4.2 ("Commencement of the action must always precede service. That is, prior to delivering the summons and a copy of the complaint to the process server, plaintiff must have commenced the action . . . .") (1974).

1945), cert. denied, 327 U.S. 801 (1946); *Pila* v. *G.R. Leasing & Rental Corp.*, 551 F.2d 941, 942-943 (1st Cir. 1977). See also *Cohn* v. *Cohn*, 310 Mass. 126, 129 (1941). Here, however, the defendant was defaulted and did not even respond in timely fashion to the notice it received of the hearing on the assessment of damages. Thus, the case went to judgment on May 10, 1983, with no appearance or answer having been filed by the defendant.

On May 19, 1983, the defendant, having finally engaged counsel, filed a motion for relief from judgment. The procedural quirk had still not been noticed: other grounds were assigned. The judge understandably concluded that the defendant's failure to respond to the original summons or to the notice of the assessment hearing did not constitute "excusable neglect" within the meaning of Mass.R.Civ.P. 6(b)(2), 365 Mass. 747-748 (1974), or rule 60(b)(1), 365 Mass. 828 (1974). Compare *Old Colony Bank & Trust Co.* v. *Tacey Transp. Corp.*, 10 Mass. App. Ct. 825 (1980), and *Lancaster* v. *Foley*, 15 Mass. App. Ct. 967, 968 (1983). For less persuasive reasons the judge also concluded that the defendant had not shown a meritorious defense — a usual requirement for one who wishes to remove a default judgment and answer late. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433 (1979).

Several months later, in the course of preparing an appeal, new counsel noticed that service had been made on September 21, 1982, but that the complaint had not been filed in the clerk's office until September 30, 1982. A second motion for relief from judgment was prepared, based on a contention that service before the commencement of the action was, as matter of law, a nullity, that the court had not acquired personal jurisdiction over the defendant before the entry of judgment, and hence that the judgment was void. See rule 60(b)(4), 365 Mass. 829 (1974). Another judge acted on this motion, denying it with the notation that the "issue is a technical one and not one of substance since the defendant had timely notice of the claim."

The concept that service giving notice of a then nonexistent action gives notice of nothing and is thus, in legal effect, a nullity, has a certain metaphysical appeal but is out of tune with the relentlessly functional approach of the new rules. More weighty now is that the defendant was in fact given notice and was not prejudiced by the prematurity. In addition, history gives little support to the notion that service is defunct absent a then-pending action. In our earlier practice in actions at law, the writ was always served on the defendant before the declaration was required to be filed in court. See Mottla, Civil Practice §§ 213, 238, 453 (3d ed. 1962).[5]

The defendant urges that strict adherence to the priority assumed by the rules is essential to guarantee that the complaint served on the defendant is the same as that filed in court. A discrepancy in this regard can present a problem (see, e.g., *Utility Mfg. Co.* v. *Elgin Lab.*, 1 F.R.D. 165 [S.D. N.Y. 1939]; *Phillips* v. *Murchison*, 194 F.Supp. 620 [S.D. N.Y. 1961]), but there was no discrepancy in this case. Puzzlement may occur if the answer should be filed before the complaint, but, again, that did not happen here. A more practical complication might be found in measuring the twenty-day period for filing an answer,[6] but we should prefer to adjust by measuring from the commencement of the action where that follows service, rather than by adopting an interpretation that could potentially undo judgments long since assumed to be conclusive.

*Orders denying motions for*
*relief from judgment affirmed.*

---

[5] Under the earlier practice the action was regarded as having been "commenced" (especially for limitations periods) with the delivery of the writ to the sheriff with intent to have it served (Mottla, op. cit., § 213), but the action was not "entered" or "docketed" until the writ had been returned by the process server, the declaration had been filed, and the entry fee had been paid (*id.* at § 238).

[6] Under Mass.R.Civ.P. 12(a)(1), 365 Mass. 754 (1974), the twenty-day period runs from service of the complaint.