BIG D CARPETS, INC. *vs.* THE WELCH GROUP, INC., & another.[1]

No. 92-P-195.

Middlesex. March 12, 1993. - September 23, 1994.

Present: ARMSTRONG, BROWN, & PORADA, JJ.

*Rules of Civil Procedure. Practice, Civil*, Service of process, Bond, Trustee process.

The trial court was not deprived of jurisdiction in an action against a trustee by the plaintiff's failure to file the bond required by G. L. c. 246, § 1, as amended through St. 1986, c. 708, § 8, where the bond was merely a procedural step, susceptible of correction or waiver; moreover, where the plaintiff succeeded in establishing the liability of the defendant trustee, the trustee was not prejudiced by the absence of a bond, the sole purpose of which was to secure payment of the costs and damages resulting from the attachment on trustee process in the event the plaintiff did not prevail. [312-316]

CIVIL ACTION commenced in the Superior Court Department on February 20, 1990.

The case was heard by *Wendie I. Gershengorn*, J.

*Robert J. Sherer* for The Welch Group, Inc.

*David C. Hawkins* for the plaintiff.

ARMSTRONG, J. The Welch Group, a general contractor on a construction project in Westfield, appeals from a default judgment whereby the plaintiff, an unpaid carpeting and flooring subcontractor, was awarded compensation for work done. Welch Group claims on appeal that the court lacked jurisdiction due to the failure of the plaintiff to file a bond under G. L. c. 246, § 1.

That section, as amended through St. 1986, c. 708, § 8, provides that, except for certain specific types of actions, "no

---

[1]Eastern Bank, trustee.

summons and complaint in any action seeking damages in excess of one thousand dollars shall be served upon any alleged trustee" unless the plaintiff shall have filed a bond "conditioned upon payment to the defendant, if the plaintiff fails to recover or if such action is discontinued, of all costs . . . awarded to the defendant and all damages which he may sustain by reason of such attachment . . . ." The defendant Eastern Bank was made a party by trustee process under Mass.R.Civ.P. 4.2(a), (b), and (g), as amended, 365 Mass. 740-741, 743 (1974). Because the action was not discontinued and the plaintiff did not fail to recover, the absence of a bond is immaterial unless, as The Welch Group argues, the statute is jurisdictional. For that proposition it relies on *Farber* v. *Lubin*, 327 Mass. 128, 130 (1951), and *Buono* v. *Nardella*, 344 Mass. 257, 258-259 (1962). Those cases held that the requirement of the bond was absolute and that the requirement applied unless each count of the plaintiff's declaration fell within the stated exceptions. One or more of the four counts of this complaint do not so qualify.

The cited cases, however, were, in our view, the result of different statutes and rules of practice in effect before the adoption of the Rules of Civil Procedure in 1974. In the earlier practice an action at law was "commenced" by filling out a writ designating the names of the parties, the division into which the action fell (contract, tort, or replevin), and the return day. Service of the writ was made at least fourteen days before the return day; and the "declaration," as a complaint in a legal (as opposed to equitable) action was then called, was not required to be filed until the return day. See Mottla, Civil Practice §§ 83-110, 134 (rev. ed. 1948).[2] Under the practice in actions at law at the time of the *Farber* and *Buono* cases, the execution and service of the writ were an integral part of the commencement of the action, necessary

---

[2]Sometimes the declaration would be served with the writ, but the plaintiff was only required to furnish it to the defendant within three days after a written demand by the defendant. Mottla, *supra* § 84, at 48-49. See *Bowles* v. *Palmer*, 180 Mass. 169 (1901). "[I]n the usual case, the writ chronologically precedes the declaration . . . ." *Farber* v. *Lubin*, 327 Mass. at 130.

to vest the court with jurisdiction. See *Dudley* v. *Keith*, 153 Mass. 104, 106 (1891); *Byron* v. *Concord Natl. Bank*, 299 Mass. 438, 443 (1938).

General Laws c. 246, § 1, as it then read,[3] specified that, in actions other than those excepted, "*no writ* the ad damnum of which is in excess of one thousand dollars *shall be served upon any alleged trustee* unless [the plaintiff shall have filed a bond with sureties] . . . in a penal sum not less than ten per cent of the ad damnum of the writ and not less than [$250,] . . . [and the fact of its filing] shall have been endorsed on the writ by the justice . . . who approved [the sureties], or by the clerk . . ." (emphases supplied). In this procedural scheme it was reasonable to conclude that the failure to file the required bond vitiated the service of the writ, an essential step in the entry of the case in court, and thereby deprived the court of jurisdiction.

The procedural landscape was drastically altered in the 1970's by the adoption of the Massachusetts Rules of Civil Procedure, 365 Mass. 730-843 (1974). Writs and ad damnums were abolished[4]; all that is now required, in the usual case, to commence a civil action and vest the court with jurisdiction is to file the complaint in court with the required entry fee. Mass.R.Civ.P. 3, as amended, 385 Mass. 1215 (1982). Deficiencies thereafter, as in service of appropriate process, are important and may be ground for dismissal, but they do not deprive the court of jurisdiction. See *School Comm. of Holyoke* v. *Duprey*, 8 Mass. App. Ct. 58, 62 (1979); *Ahern* v. *Warner*, 16 Mass. App. Ct. 223, 227 (1983); *Finkel* v. *Natale Rota, Inc.*, 19 Mass. App. Ct. 55, 56, 58 (1984); *Brissette* v. *Crantz*, 23 Mass. App. Ct. 213,

---

[3]As appearing in St. 1943, c. 17, § 1, in *Farber* v. *Lubin, supra,* and as amended by St. 1961, c. 158, in *Buono* v. *Nardella, supra.* The 1961 amendment is immaterial to the holdings of these cases.

[4]See Mass.R.Civ.P. 3, as amended, 385 Mass. 1215 (1982), Mass.R.Civ.P. 4, 365 Mass. 733 (1974), and Mass.R.Civ.P. 81(b), 365 Mass. 841 (1974), as to writs. See G. L. c. 231, § 13B, inserted by St. 1986, c. 708, § 5, and *Buffum* v. *Rockport*, 36 Mass. App. Ct. 377, 384-385 (1994), as to ad damnums.

214 (1986). See generally *Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74, 79-81 (1975).

Under G. L. c. 246, § 1, as amended through St. 1986, c. 708, § 8, the statutory mandate, as now restated to conform to the new rules practice, is that "no summons and complaint in any action seeking damages in excess of one thousand dollars [other than those excepted] shall be served upon any alleged trustee unless there shall have been filed by the plaintiff . . . a bond [with sureties], said bond to be in a penal sum in such amount as the court which approves the trustee process shall require but not less than [$250] . . . ." Two points should be noted: first, that the prohibition of the statute now relates to a procedural step — service of process — which does not affect the jurisdiction of the court over the action, conferred by the filing of the complaint, but is susceptible of correction or waiver; second, the amount of the bond is no longer governed by the size of the ad damnum, but is subject to the prior approval of the court, thus reducing the potential of abuse. See Mass.R.Civ.P. 4.2 (c) and (g), as amended, 365 Mass. 741, 743 (1974). Cf. *Farber* v. *Lubin,* 327 Mass. at 131 (most of the exceptions to the bond requirement are "classes of cases . . . [that] might be deemed least likely to become a subject of abuse").

We conclude, therefore, that the amended statute, read against the background of the new rules procedure, is no longer jurisdictional in the primary sense, and that the plaintiff's failure to file the required bond should not be treated as having deprived the court of jurisdiction to determine the action on the merits. When the plaintiff's omission was brought to the attention of the court by the defendant's motion to dismiss, the court, at the least, should have required the plaintiff to file the bond in an amount deemed appropriate by the court, on pain of dismissal; but, as the plaintiff succeeded in establishing the liability of the defendant, the defendant has not been prejudiced by the absence of a bond, the sole purpose of which is to secure payment of the defendant's

costs and damages resulting from the attachment on trustee process.

*Judgment affirmed.*