# United States Court of Appeals

## For the First Circuit

No. 05-2203

JERRY NATALE, on behalf of himself and all others similarly
situated; SHERRY KWAAK, on behalf of herself and all others
similarly situated,

Plaintiffs, Appellees,

v.

PFIZER, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before
Boudin, Chief Judge,
Lynch, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Thomas A. Smart with whom Richard A. De Sovo, Robert Grass and
Alan E. Rothman, Kaye Scholer LLP, Andrew N. Nathanson, William M.
Cowan, Dora Kripapuri and Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C. were on brief for appellant.
David Pastor and Kenneth D. Quat with whom Douglas J. Hoffman
and Gilman and Pastor, LLP were on brief for appellees.

September 16, 2005

[*]Of the Northern District of California, sitting by
designation.

**Per Curiam**. Pfizer, sued in two class actions in Massachusetts state court, removed these actions to the United States District Court for the District of Massachusetts pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (to be codified at 28 U.S.C. § 1332(d)(2)) ("CAFA"). The District Court remanded the actions but certified its ruling for an interlocutory appeal, and this court accepted Pfizer's appeal from the remand order pursuant to CAFA § 5, 119 Stat. 12 (to be codified at 28 U.S.C. § 1453(c)(1)).

Plaintiffs filed their actions in state court, Natale on February 11, and Kwaak on January 13, 2005. Section 9 of CAFA provides that "this Act shall apply to any civil action commenced on or after the date of enactment of this Act." CAFA's date of enactment was February 18, 2005. Pfizer filed a notice of removal in the District Court on March 25, 2005, within 30 days of the filing of the Natale action. 28 U.S.C. § 1446(b).

Pfizer contends that the actions were commenced on the date they were removed. The two circuits to have addressed the issue have rejected this contention, having held that "commenced" means "filed" rather than "removed." Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806 (7th Cir. 2005), following Pritchett v. Office Depot, Inc., No. 05-0501, 2005 WL 1994020 (10th Cir. Aug. 18, 2005), amending and superceding 404 F.3d 1232 (10th Cir. 2005). Pfizer argues that these actions are different in that removal

-2-

occurred within the statutory thirty-day period from service of the complaint, rather than after the action had been pending for some years. But that argument runs squarely into the statutory provision that the Act is to apply only to actions commenced on or after the date of enactment. We agree with the Seventh Circuit's decision in Pfizer, Inc. v. Lott, 417 F.3d 725 (7th Cir. 2005), rejecting this argument. To accept it would have us rewrite the statute by carving out a class of late-filed actions.

Thus, Pfizer is left with its argument that "commenced" means "removed." As Judge Posner points out in Lott,

> While it is true that the proceeding in federal court was "commenced" by the filing of the removal petition, that filing was not the beginning of the suit. For what was removed was the suit that had been brought in the Illinois state court, and under Illinois law the filing of the complaint had "commenced" the suit.

Id. at 726. The same is true under Massachusetts law. Mass. R. Civ. P. 3 (stating that a civil action is commenced by filing of a complaint); Big D Carpets, Inc. v. The Welch Group, Inc., 37 Mass. App. Ct. 312, 315 (Mass. App. 1994).

Finally, we are unpersuaded by Pfizer's reliance on a line of district court decisions following Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., 166 F. Supp. 319 (E.D.N.Y. 1958). Those cases involved legislation increasing the amount in controversy requirement and rest on the rationale that an action should not be removable from state court when that action could not have been

-3-

originally instituted in federal court on the day it was removed because the jurisdictional amount had been raised.  See <u>Lorraine Motors</u>, 166 F. Supp. at 323.  They have no relevance here.

The remand order is <u>affirmed</u>.