Jesus F. TRILLA–PIÑERO d/b/a
Puerto Rico Motor Coach,
et al., Plaintiffs

v.

The Commonwealth of PUERTO
RICO, et al., Defendants.

Civil No. 08–1293 (JP).

United States District Court,
D. Puerto Rico.

June 4, 2008.

José A. Hernández–Mayoral, Esq., Rafael E. García–Rodón, Esq., San Juan, PR, for Plaintiffs.

Daniel Angel Vázquez–Díaz, Esq., Puerto Rico Department of Justice, Alberto G. Estrella, Esq., William E. Estrella–López de Vi, Esq., William Estrella Law Offices, Laura R. Domínguez–Llerandi, Esq., Manuel Fernández–Bared, Esq., Toro, Colon,

Mullet, Rivera & Sifre, PSC, Denise Rodríguez–Flores, Esq., Lee Sepulvado–Ramos, Esq., Sepulvado & Associates, PSC, Carlos E. Montañez, Esq., Juan A. Marqués–Díaz, Esq., Britt E. Arrieta–Rivera, Esq., Jan C. Rodríguez–Muñoz, Esq., McConnell Valdés, San Juan, PR, Eduardo A. Vera–Ramírez, Esq., Isabel Garcés–Castro, Esq., Landrón & Vera, LLP, Guaynabo, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Plaintiffs' motion to remand the instant case to the Puerto Rico Court of First Instance, San Juan Part ("state court") (No. 7), Defendants Shell Company Puerto Rico ("Shell") and Total Petroleum's ("Total") oppositions thereto (Nos. 16 and 18, respectively) and Plaintiffs' reply (No. 26).[1] Also before the Court are Defendants Shell and Total's sur-replies (Nos. 35 and 36, respectively). For the reasons stated herein, Plaintiffs' motion (**No. 7**) to remand is hereby **GRANTED.**

### I. INTRODUCTION

Plaintiffs filed the instant consumer class action pursuant to Puerto Rico Law 157 of August 21, 1996, P.R. Laws Ann., tit. 23, Section 1101 *et seq.* ("Law 157"), before the Court of the First Instance of the Commonwealth of Puerto Rico, San Juan Part, on March 6, 2000. In their complaint, Plaintiffs alleged that gasoline and diesel distributors in Puerto Rico were selling their products locally without the mandatory temperature adjustment, resulting in damages to the members of the Plaintiff class. Plaintiffs also alleged that

the Commonwealth of Puerto Rico was negligent in failing to promulgate a mandatory regulation within the time frame set by law.

The mandatory temperature adjustment refers to an international norm for volume correction that converts the volume of gasoline and diesel from ambient temperature for equivalent volumes at sixty degrees Fahrenheit, thereby resulting in a price reduction for purchasers. Law 157 requires gasoline wholesalers to transfer the pricing benefits of any temperature adjustment they receive for gasoline to the retailers. Law 157 also requires that any temperature adjustment benefit gained by the retailers must be, in turn, transferred to consumers by means of a reduction in the retail price.

This case has an extensive eight-year procedural history in state court, which includes several interlocutory appeals. Plaintiffs' standing to sue and class certification were affirmed by the Puerto Rico Supreme Court in 2003. The class is generally defined as people who owned a motor vehicle during the period from April 1, 1997, to the present, who have purchased gasoline and diesel from retailers in Puerto Rico, and who did not receive in their purchase price the temperature adjustment as defined by Law 157.

On March 10, 2008, Defendants Total and Shell filed a notice of removal to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d)(2)(A) and 1332(d)(5)(B) ("CAFA"). In response, on March 17, 2008, Plaintiffs filed a motion to remand this case to the state court (No. 7). Plaintiffs argue that the case should be remanded because

---

1.  Co–Defendant Asociación de Detallistas de Gasolina de Puerto Rico, Inc., filed a motion

(No. 12) joining Plaintiffs' motion to remand.

CAFA does not apply to class actions filed before February 18, 2005.[2]

## II. *ANALYSIS*

Defendants seek removal to federal court pursuant to CAFA, which was enacted to extend the subject matter jurisdiction of the federal courts to encompass putative class actions in which (1) the damages claimed by a class of plaintiffs exceed five million dollars exclusive of interests and costs, (2) the class is comprised of more than one hundred members, and (3) at least one member of the plaintiff class is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(2) and (d)(5)(b); *see Weber v. Mobil Oil Corp.*, 506 F.3d 1311, 1313 (10th Cir.Okla.2007).[3]

■ To determine whether federal jurisdiction is proper, the Court must determine whether Plaintiffs' filing of the Third Amended Complaint constitutes the commencement of the action for CAFA purposes. Section 9 of CAFA provides that "this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub.L. 109–2, § 9, 119 Stat. 14 (note on 28 U.S.C. § 1332); *see Natale*, 424 F.3d at 44. It is clear that CAFA *only* applies to cases commenced after its enactment. *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d at 27 (emphasis added); *Dinkel v. GMC*, 400 F.Supp.2d 289, 293 (D.Me. 2005) (holding that CAFA does not apply to state class actions pending when it was signed).

■ When a lawsuit is initially "commenced," for the purposes of CAFA, is determined by state law. *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 803 (5th Cir.2006); *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1148 (9th Cir.2007). There are two types of amendments that constitute the commencement of an action under CAFA: (1) amendments that assert a wholly distinct claim for relief into a pending suit, and (2) amendments that add new defendants. *Moniz v. Bayer A.G.*, 447 F.Supp.2d 31, 37 (D.Mass.2006). Courts have held that for the purposes of resolving a motion to remand, the critical inquiry is whether "the amended pleadings so change the claims or parties as to be a new civil action, rather than a 'workaday change' that continues a pending action." *Moniz*, 447 F.Supp.2d at 35, quoting *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 700 (S.D.Tex.2006).

To determine whether an amendment to a complaint constitutes the "commencement" of the action, courts utilize a relation-back analysis. *Moniz*, 447 F.Supp.2d at 35. Although it remains an open question whether state or federal relation-back rules apply, it makes little difference in Puerto Rico because the language of the applicable Puerto Rico Rule of Civil Procedure (13.3) mirrors the language of Rule 15(c)(2) of the Federal Rules of Civil Procedures. *See id.* (applying state law, but stating that Massachusetts law mirrors federal law on this issue), citing *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 749

---

**2.** Plaintiffs also argue that the case should be remanded to state court because it falls squarely under the local and home-state exceptions to CAFA, and because Defendants have failed to establish federal jurisdiction under CAFA. The Court need not reach the merits of these arguments here.

**3.** The United States Court of Appeals for the First Circuit has issued very few decisions pertaining to CAFA. A thorough case-law search revealed only two relevant cases within the First Circuit. *See Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6 (1st Cir.2008); *Natale v. Pfizer, Inc.*, 424 F.3d 43, 44 (1st Cir.2005). The Court is not aware of any Puerto Rico District Court cases on point.

(7th Cir.2005). Puerto Rico Rule of Civil Procedure 13.3 sets forth the standard for relation-back:

> Whenever the claim or defense asserted in the amended pleading arose of the conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the date of the original pleading. An amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading if, after complying with the foregoing requirement and within the term provided for, the party brought through the amendment: (1) knew of the pending cause of action so that he is not prejudiced in maintaining his defense on the merits, and (2) if it had not been for a mistake as to the identity of the person actually liable, the action would have been brought originally against him.

32 P.R. Laws Ann.App. III, R. 13.3.

In support of their motion to remand, Plaintiffs argue that CAFA applies only to cases commenced on or after February 15, 2005, and because this action was originally filed on March 6, 2000, CAFA does not apply here. Although Plaintiffs' original complaint was filed well before CAFA was enacted, the complaint has been amended subsequent to February 18, 2005. The latest amendment—the Third Amended Complaint—was filed on February 8, 2008. Defendants argue that CAFA applies to this case because the filing of the Third Amended Complaint "commenced" the action for CAFA purposes because Plaintiffs added new allegations and new defendants. The Court will now consider whether the new allegations or added defendants change the commencement date of the action at hand.

### A. Whether Plaintiffs Added New Allegations

Defendants argue that Plaintiffs triggered the commencement of a new action with the filing of the Third Amended Complaint because Plaintiffs redefined their claims by measuring the temperature adjustment in terms of the amount of energy of a gallon of gasoline rather than on the price of gasoline.[4] Defendants argue that this change is actually an entirely new claim, so the Third Amended Complaint does not relate back.

■ The Court holds that defining the temperature adjustment in terms of energy, rather than price, does not alter the nature of the lawsuit. Rather, the switch from price to BTUs is merely a "workaday change" that shifts the terminology toward more scientific language. *Moniz*, 447 F.Supp.2d at 35. Plaintiffs explain that the restructuring of the terminology evolved from a clarification produced in *Defendants'* expert witness reports stating that BTU measurements are the precise terms used within the petroleum industry (emphasis added). The crux of this lawsuit remains whether the temperature adjustment was properly passed on to consumers pursuant to Law 157. Nothing in the Plaintiffs' Third Amended Complaint stems from new "conduct, transactions or occurrences" apart from the allegations contained in the original complaint. 32 P.R. Laws Ann.App. III, R. 13.3. In the interest of fairness, Defendants have been on notice since the filing of the initial complaint that the core allegations of this lawsuit involve non-compliance with Law 157, regardless of whether that non-compliance is phrased in terms of price per

---

4. Plaintiffs use BTUs to measure the amount of energy in gasoline. "BTU" stands for British Thermal Unit, a standard unit of measurement used to denote the amount of heat energy in fuels.

gallon or BTUs. As such, the Court holds that Plaintiffs did not add any new allegations to the Third Amended Complaint that would signify the "commencement" of a new action.

## B. *Whether Plaintiffs Added New Defendants*

Defendants also argue that Plaintiffs' addition of new defendants in the Third Amended Complaint triggered the commencement of a new action for CAFA purposes. It is undisputed that the Third Amended Complaint added nine new defendants: Bartolo, Inc., IBT Investment Corporation, Corporación Suvial, Herbert Morales, Ramón Maldonado–Lema, Francisco Santos–Ortiz, Angel Alonso Serrador, Angel Lusi Colón, and Ricardo Rosselló. However, Plaintiffs argue that the addition of new Defendants only commences an action for CAFA purposes when the newly-added Defendants seek removal. None of the newly-added Defendants have joined in Shell or Total's briefs, or have otherwise informed the Court on their position regarding removal.

■ The First Circuit has not stated whether the addition of a new defendant commences a lawsuit as to that defendant only, or as to all defendants. The United States Court of Appeals for the Fifth Circuit, however, has clearly held that if a defendant is added post-CAFA, the suit commences post-CAFA as to him. *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 804 (5th Cir.2006) (holding that amendments that add a defendant "commence" the civil action as to the added party only); *see also Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374, 378 (S.D.Tex.2006). The United States Court of Appeals for the Seventh Circuit has also held that only a newly-added defendant could remove pursuant to CAFA when that defendant was added after CAFA's enactment.

*Schillinger v. Union Pac. R.R.*, 425 F.3d 330, 333 (7th Cir.2005) (holding that "in general, a defendant added after [CAFA's enactment] could remove because suit against it would have been commenced after the effective date"); *see also Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 749 (7th Cir.2005).

The rationale behind only allowing newly-added defendants to remove a case is as follows: "A party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *United States v. Martínez*, 195 U.S. 469, 473, 25 S.Ct. 80, 49 L.Ed. 282 (1904), citing *Miller v. M'Intyre*, 31 U.S. (6 Pet.) 61, 8 L.Ed. 320 (1832). Generally speaking, it would be unjust to make defendants responsible for a proceeding of which they had no notice. *Miller*, 31 U.S. at 64. In terms of the time period allowed for removal, a defendant has a thirty-day window from receipt of a pleading, motion, or other paper that reveals on its face a basis for federal jurisdiction. 28 U.S.C. § 1446(b); *see Air Starter Components, Inc.*, 442 F.Supp.2d at 377 (internal citations omitted). It follows that a newly-added defendant pursuant to CAFA is allowed this same period of time to remove the lawsuit to federal court. However, this opportunity to defend and remove that is afforded to new defendants is not meant to circumvent the fact that CAFA does not apply to lawsuits that were already pending at the time it was enacted. *See Dinkel*, 400 F.Supp.2d at 293.

Defendants argue that "the plain language of CAFA makes clear that any single defendant can remove without the consent of other defendants and that it is the entire lawsuit that is removed, not merely the claims against that defendant." *Dink-*

*el,* 400 F.Supp.2d at 294. Defendants also point to 28 U.S.C. Section 1453(b) to demonstrate that the existing defendants have a right to removal when new defendants are added post-CAFA. However, unlike Defendants Total and Shell, the removal defendants in *Dinkel* were served after the enactment of CAFA. They properly removed the case within the time period allotted to them. As such, *Dinkel* does not squarely address the question of whether pre-CAFA defendants can remove a case simply because new defendants are added post-CAFA. Further, the Court agrees with Plaintiffs that 28 U.S.C. Section 1453(b) does not establish who has standing to remove; rather, it creates an exception to the general removal requirement of consent from all defendants to removal.

The Court must consider the particular facts of this lawsuit in light of the existing body of CAFA case-law that has developed in other jurisdictions. The action at hand has been pending for over eight years. Shell and Total, the Defendants seeking removal, have been involved in the case from the beginning. As the Court has rejected Defendants' argument that the use of BTUs rather than gallon prices does not commence a new action, Defendants Shell and Total are still litigating the same allegations that were brought against them in state court in 2000. Given that the newly-added Defendants are not those Defendants seeking removal, and given the strong precedent against allowing pre-CAFA defendants to remove merely because new defendants are added post-CAFA, the Court holds that allowing removal here would simply over-reach the intended scope of CAFA. *Braud,* 445 F.3d at 804. As such, the Court holds that the addition of new defendants does not signify the "commencement" of a new action for CAFA purposes.

Because Defendants fail to meet CAFA's threshold commencement requirement, Plaintiffs' motion for remand is **GRANTED.** The Court will enter final judgment remanding the case to state court.

**IT IS SO ORDERED.**