NIEN-HSI HSU vs. ANN MARIE WILKINS & others.[1]

No. 09-P-1323.

Middlesex. April 6, 2010. - July 2, 2010.

Present: GREEN, GRAINGER, & MILKEY, JJ.

*Practice, Civil,* Report.

This court discharged a reservation and report of a question of law by a judge of the Superior Court, where the report lacked agreement or a finding on the central issue of the case, as required for a report under Mass.R.Civ.P. 64(a) or G. L. c. 231, § 111, and where there was a possibility of a resolution in the lower court that would render the reported question irrelevant to the dispute. [186-188]

CIVIL ACTION commenced in the Superior Court Department on January 23, 2008.

A question of law was reported to the Appeals Court by *Thomas P. Billings*, J.

*David R. Kerrigan* for the defendants.

*John A. Taylor* for the plaintiff.

GRAINGER, J. A failed real estate transaction that has spawned previous litigation is now the genesis of a reservation and report of the following question of law by a judge of the Superior Court: "In a 'false return' case against a process server, what standard of conduct/scienter is to be applied?" We conclude that the report should be discharged.

*Background.* The seller, Nien-Hsi Hsu, and the buyers, Ann Marie Wilkins, and Bruce J. Embry, as trustee of the 329 Broadway Realty Trust,[2] contracted for the purchase and sale of a building in Cambridge owned by Hsu. For various reasons not

---

[1]Bruce J. Embry, individually and as trustee of the 329 Broadway Realty Trust; Charles Associates; Goulston & Storrs, P.C.; Harold Peters; and Dewsnap & Associates, LLC.

[2]We refer hereafter to Wilkins and Embry together as the Embry parties.

pertinent here, the sale was not consummated, and Hsu and the Embry parties found themselves disputing their respective rights to $75,000 paid as a deposit by the Embry parties as the intended purchaser.[3] This dispute led the Embry parties to file a verified complaint in the Superior Court,[4] naming Hsu as a defendant, and accompanied by a motion for attachment of real estate and assorted ancillary documents. A return of service was filed by Harold Peters on behalf of Dewsnap & Associates, LLC (Dewsnap), appointed as special process servers, stating that the pleadings were served at Hsu's "last and usual place of abode, 7 Graham Road, Lexington, MA."

In the absence of any response, the Embry parties obtained a writ of attachment, and a second return of service was filed which, like the first, attested to service of the writ at the address on Graham Road. Approximately sixty days thereafter a default order was issued at the request of the Embry parties. However, awakening to the fact that Hsu's correct address was 17 Orchard Lane in Lincoln, the Embry parties instructed Dewsnap to serve the request for default at the house in Lincoln. Now alerted to the fact that he was defending a lawsuit, Hsu filed several pleadings including, as relevant here, a motion to remove default.[5]

On July 19, 2006, a judge of the Superior Court, without a hearing, denied the motion to remove default with the following inscription, citing *Finkel* v. *Natale Rota, Inc.*, 19 Mass. App. Ct. 55, 57 (1984): "defendant took no action for months after he learned of the suit. There is no dispute that zoning restrictions prevented sale of the property and no meritorious defense is shown for def[endant]'s refusal to return the security deposit."

After denying the motion to remove the default that entered pursuant to Mass.R.Civ.P. 55(a), 385 Mass. 822 (1974), the

---

[3]The deposit was paid by Bruce Embry, Esq., as attorney for an unidentified buyer (now known to be Wilkins) and as sole trustee of the 329 Broadway Realty Trust.

[4]Bruce J. Embry & others *vs.* Nien-Hsi Hsu, Middlesex Superior Court, No. 05-3254 (Sept. 15, 2005).

[5]Hsu did not respond with any sense of urgency. His first submission, seeking to remove the attachment and dismiss the complaint, was filed some three months after service on him at the correct address. The submission was returned to him by the Superior Court with instructions to file a motion to remove the default. Another three months elapsed before Hsu filed that motion and the Embry parties' opposition thereto.

court scheduled a hearing pursuant to rule 55(b)(2), as amended, 423 Mass. 1402 (1996), for judgment and assessment of damages. Counsel for the Embry parties notified counsel for Hsu of the scheduled hearing by several letters. Neither Hsu nor his counsel attended the hearing. The hearing judge allowed in full the Embry parties' proposed compensatory damages of $70,000, an incremental G. L. c. 93A doubling of that amount, c. 93A attorney's fees and costs, and appropriate statutory prejudgment and postjudgment interest on the basic compensatory amount of $70,000, to be calculated by the clerk.

Hsu did not file any notice of appeal from the judgment for those amounts. The Superior Court issued an execution in the aggregate sum of $189,900.97.

Fourteen months after the rule 55(b)(2) judgment and assessment hearing, Hsu filed a motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(4), 365 Mass. 828 (1974), with opposition from the Embry parties. A judge of the Superior Court, after hearing, denied that motion without comment.

Hsu duly appealed the denial of his motion for relief from judgment. In a memorandum and order issued pursuant to Appeals Court rule 1:28, we affirmed the order denying the motion for relief from judgment. See *Embry* v. *Hsu*, 74 Mass. App. Ct. 1113 (2009). Thereafter, Hsu instituted the present suit, which may be summarized as seeking damages against the Embry parties, their attorneys, Peters, and Dewsnap for the initial service of pleadings at the incorrect address in Lexington. A judge of the Superior Court dismissed all claims except count IV as against Peters and Dewsnap, noting "the general rule in this Commonwealth . . . that, as between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return . . . . *If the return is false, the remedy of the party injured is against the officer,*" quoting from *Atlas Elevator Co.* v. *Stasinos*, 4 Mass. App. Ct. 285, 287 (1976) (emphasis added). With respect to the remaining count, the judge then reserved and reported the question noted above. See Mass. R.Civ.P. 64(a), as amended, 423 Mass. 1410 (1996).

*Discussion.* The record before us presents more than one reason why discharge of the report is appropriate. Rule 64(a), as pertinent here, requires either a "verdict or . . . a finding of

facts under Rule 52" or the parties' written agreement to material facts for a report to issue.[6] Likewise, G. L. c. 231, § 111, allows a case to be reported "after verdict or after a finding of the facts by the court" (first par.), or "in any case where there is agreement as to all the material facts" (third par.).

The report here meets none of these criteria. Simply put, it lacks agreement or a finding on the central issue in the case — whether the defendants Peters and Dewsnap failed to satisfy any duty to the plaintiff. A reference pursuant to G. L. c. 231, § 111, must provide the appellate court with a finding or "agreement as to all the material facts." *Scaccia* v. *Boston Elev. Ry.,* 308 Mass. 310, 311 (1941).

A determination, in answer to the reference, that a heightened standard of liability should be applied here would be required only if a fact finder[7] determined that the defendants' conduct amounted to more than simple negligence. In sum, without a determination that the defendants breached a duty by failing to comply with a specified standard of behavior, we are faced with a question which may be abstract in the sense that it has no necessary impact on the result below. "In this situation, the report must be discharged." *Cusic* v. *Commonwealth,* 412 Mass. 291, 294 (1992).[8]

While this case is before us on a report rather than a dismissal on the merits, we note as well that a disposition below for lack of causation cannot be ruled out. The extent to which the previous denial of Hsu's motion to remove default, based as it was

---

[6]Rule 64(a) also provides for a report where an interlocutory ruling affects the merits of the dispute such that the Appeals Court should make a determination before any further proceedings below. This provision is not at issue here.

[7]This is a determination particularly well-suited to the submission of special questions to a jury; a judge uncertain of the standard is free to provide alternatives for their consideration.

[8]We note that while the standard for allowing reports in criminal cases is not equally stringent, the Supreme Judicial Court has long maintained that they should "present serious questions likely to be material in the ultimate decision." *Commonwealth* v. *Henry's Drywall Co.,* 362 Mass. 552, 557 (1972), quoting from *John Gilbert Jr., Co.* v. *C.M. Fauci Co.,* 309 Mass. 271, 273 (1941). See *Commonwealth* v. *Yacobian,* 393 Mass. 1005, 1006 (1984) (report pursuant to Mass.R.Crim.P. 34 discharged for insufficiency of the record); *Commonwealth* v. *Bankert,* 67 Mass. App. Ct. 118, 121 (2006) (discharging reported questions pursuant to Mass.R.Crim.P. 34 where they "may never need to be decided").

on the failure to demonstrate a meritorious defense, is binding on these parties in establishing that the initial faulty service had no bearing on the eventual result is an open question.[9] A possible resolution on that basis is another scenario that would render the reported question irrelevant to the dispute.

The report is discharged, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[9]As stated above, Hsu's motion to remove the default was denied because he himself had responded in a dilatory fashion after service and, more important here, because he could offer no meritorious defense to the underlying suit, "a usual requirement for one who wishes to remove a default judgment and answer late." *Finkel* v. *Natale Rota, Inc.,* 19 Mass. App. Ct. at 57. We have previously concluded, in considering Hsu's appeal from the denial of his motion under Mass.R.Civ.P. 60(b)(4) for relief from judgment, that there was no abuse of discretion in the denial of that motion. *Embry* v. *Hsu,* 74 Mass. App. Ct. 1113 (2009) ("No visible merits existed for Hsu's refusal to return the deposit").